Marie A. Marino, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

,Submitted on briefs, December 5, 1974, to Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*William F. Coyle,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, January 16, 1975:

This is an appeal by Marie A. Marino (appellant) from an order of the Unempoyment Compensation Board of Review (Board) affirming a referee's denial of unemployment compensation benefits.

Appellant had been employed by the Western Saving Fund Society of Philadelphia (employer) as a bank teller for approximately 3½ years when she resigned on

March 16, 1972. She applied for unemployment compensation and was denied on the basis that she was disqualified under Section 402 (b) (1) of the Unemployment Compensation Law.[1] This section provides that "[a]n employe shall be ineligible for compensation for any week—

. . . .

"(b) (1)  In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature . . . ."

Since appellant admittedly resigned her employment, she is disqualified under the above provision unless she proves that her resignation was *with* cause of a necessitous and compelling nature. *Borman v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 241, 316 A. 2d 679 (1974). The referee and the Board[2] determined that appellant had failed to satisfy her burden of proof in this regard, and appellant now appeals to us.

Appellant argues that the Board's findings as to the reason for her resignation are not supported by the evidence and, in fact, are the result of an arbitrary and capricious disregard of the evidence offered to the referee. We do not agree.

The Board's findings relevant to this issue are as follows:

"2.  Claimant voluntarily resigned from this employment by letter, dated March 6, 1972, to be effective March 16, 1972, because her husband's working hours were changed, and she had difficulty in finding someone to care for their children. Further, she felt that the pressure of the work was having an adverse effect on her health.

---

1. Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended*, 43 P.S. §802 (b) (1).

2. The Board affirmed the findings of fact and conclusions of law of the referee.

"3. At the Referee's hearing, claimant presented a doctor's certificate, dated June 9, 1972, which indicates that she has been under his care because she suffers from anxiety and nerves, however, there is no indication that she was advised to leave this employment because of same.

"4. Claimant was not laid off or dismissed, and continuing work was available to her, had she desired to remain employed."

Our careful reading of the record reveals that the Board's findings are adequately supported by evidence in the record. The appellant's handwritten letter of resignation, which was admitted into evidence, states that appellant's resignation was due to: (1) unreasonable and unrealistic pressure connected with being a teller, (2) a change in her husband's working hours and a consequent difficulty in finding someone to care for her children on Friday evenings, (3) the employer's restrictive policy on personal phone calls, and (4) an unsettling of her mental and emotional health because of the aforementioned reasons.

It is true that appellant stated on her Summary of Interview form and at the hearing before the referee that health reasons were the primary reason for her resignation. It is also true that at a remand hearing held on January 26, 1973, appellant offered a letter from her doctor dated December 2, 1972 (some 8½ months after her separation), stating that he advised her to resign for health reasons. While this evidence militates for a finding that appellant's resignation was for health reasons, it was inconsistent with other evidence presented to the referee; namely, appellant's own letter of resignation written two weeks before her separation and a prior letter from her doctor dated June 9, 1972, in which no mention was made of appellant's being advised to leave her work on account of her health.

The inconsistency of the above evidence forced the referee and the Board, as the factfinders, to decide which evidence was the more credible. The issue was resolved against appellant, and we are bound by this decision since the credibility of the witnesses and the weight of their testimony are for the factfinder's determination. *See Pellegrino v. Unemployment Compensation Board of Review,* 8 Pa. Commonwealth Ct. 486, 303 A. 2d 875 (1973). We also cannot say that the Board's complete disregard of appellant's doctor's letter of December 2, 1972 was arbitrary and capricious in view of the fact that this letter was dated 8½ months after appellant's separation and was inconsistent with the doctor's previous letter and appellant's earlier letter of resignation. *See Elshinnawy v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 597, 317 A. 2d 332 (1974).

Although not disputed by appellant, we note that the Board's findings adequately support its legal conclusion that appellant is disqualified from receiving benefits under Section 402(b)(1). *See Elshinnawy, supra.*

We therefore issue the following

ORDER

AND NOW, this 16th day of January, 1975, the order of the Unemployment Compensation Board of Review denying the claim of Marie A. Marino is hereby affirmed.