## Unemployment Compensation Board of Review *v.* Robert F. Gochenauer, Appellant.

24

Argued June 4, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*James Breslauer,* with him *Virginia S. Criste,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, August 5, 1975:

This is an appeal by Robert F. Gochenauer (claimant) from the denial of his claim for unemployment compensation benefits by the Unemployment Compensation Board of Review (Board).

Claimant was last employed by Plain and Fancy Egg Ranch (employer) as a truck driver. He had been on the job approximately four months and his last day of work was May 3, 1974. During the first three days of his last week of work claimant had worked 17½ hours, 18 hours, and 12½ hours, respectively. He had Thursday, May 2, 1974, off. On Friday, May 3, 1974, claimant called his employer before he left on his route and complained that there were extra stops on the route which made the route too long. The employer withdrew these stops and claimant proceeded on his route. About 10:30 that morning claimant again called the employer and advised him that his route was still too long and that he was quitting and returning the truck to the employer's premises. Claimant then returned his truck, talked with the employer, and left the premises.

On May 16, 1974, claimant filed an application for unemployment compensation with the Bureau of Employment Security (Bureau). His application was denied on the basis that his unemployment was due to his voluntarily leaving work without cause of a necessitous and compelling nature, such conduct rendering him ineligible to receive benefits under Section 402(b)(1) of the Unemployment Compensation Law (Act).[1] Subsequent appeals by claimant to a referee and the Board resulted in an affirmance of the Bureau's determination, and claimant now appeals to us.

Our scope of review in this type of case, in which the decision of the Board is against the party having the

---

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

burden of proof,[2] is limited to a determination of whether or not the Board's findings of fact are consistent with each other and with its conclusions of law and order and whether they can be sustained without a capricious disregard of competent evidence. *Crumbling v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 546, 322 A.2d 746 (1974). Our careful reading of the record convinces us that the Board capriciously disregarded competent evidence in making its findings of fact. We therefore reverse.

The crux of this case is whether claimant voluntarily left his employment or his employment was terminated by his employer. The Board made two findings of fact on this point which read as follows:

"4. On May 3, 1974 claimant after leaving the company's premises and the company's truck stopped along the highway and decided to quit his employment because of the hours involved in his work.

"5. Claimant upon making his decision returned to the employer's premises without completing his trip and voluntarily terminated his employment."

In his testimony at the hearing before the referee, claimant admitted that he used the word "quit" but maintained that he directed this word only to the excessive hours he was working, not the job itself. He stated that excessive hours had been a subject of debate between his employer and himself for some time and that his actions on May 3, 1974 demonstrated only a refusal to work excessive hours. He testified that after returning his truck and discussing the situation with his employer on May 3, 1974, he left work with the understanding that

2. The burden of proving a right to unemployment compensation benefits rests with the claimant. *Kanouse v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 188, 305 A. 2d 782 (1973).

he was to call his employer the next morning to see whether he would get a route with less hours. He further stated that his wife called for him the next morning and was told that there was nothing for him. He then waited for a call until the following Tuesday, at which time he went to his employer's office. His employer then said he would call claimant on Thursday. When this call never came, claimant signed up for unemployment compensation.

Of course, since the Board, as the fact finder, had the duty to pass on claimant's credibility, it had the power to reject all of claimant's testimony when it was in conflict with the testimony of the employer or even when it stood uncontradicted. Our reading of the record, however, compels the conclusion that, although the employer insisted claimant "quit" his job, his testimony corroborates claimant's testimony that he did not voluntarily leave his employment on May 3, 1974, as found by the Board.

The following dialogue evidencing this fact appears in the transcript of the hearing held before the referee:

"[Referee:] Was that your impression when you parted company that you [sic] he [claimant] was to call the next day?

"[Employer:] *Yes* after he came back in we talked then I distinctly remember him saying if he would of known that we would of take [sic] the attitude that we did, he wouldn't of come back or he wouldn't of brought the truck back.

"[Referee:] The one point that stands out here that you [employer] asked him to call the next morning?

"[Employer:] He does not have a telephone.

"[Referee:] But to find out if there was work for him is that correct?

"[Employer:] After I talked to him I told him that we would talk it over and because after he told us he was quitting then we talked about it, then he wished he hadn't done that.

"[Referee:] *You told him to call back?*

"[Employer:] *Yes.*

"[Referee:] *On the 3rd of May, you told him to call back on Saturday is that correct?*

"[Employer:] *Yes.*

"[Referee:] And you made up your mind between the 3rd of May and Saturday that he was discontinued is that correct?

"[Employer:] I think we made our mind was that we were accepting his resignation."
(Emphasis added.)

Claimant's testimony is also corroborated by the following statement of the employer taken at a predetermination hearing:

"I spoke to claimant's wife on Saturday morning [May 4, 1974]. Told her we did not have anything. Do not think I told her to have him [claimant] call back."

The significance of this testimony is that it reveals that both claimant and the employer did not consider claimant to have voluntarily terminated his employment when he left the employer's premises on May 3, 1974. Claimant's work relationship with his employer was not severed and both parties contemplated further negotiations to resolve the dispute over the amount of hours claimant was required to work. We find that the Board's disregard of the above statements of the empoyer, when read in light of claimant's statements which they corroborated, was such a flagrant disregard of the evidence as to be repugnant to a man of reasonable intelligence. The Board's findings that claimant voluntarily terminated his job on May 3, 1974, must therefore be reversed as a

capricious disregard of competent evidence.[3] *See Ney v. Workmen's Compensation Appeal Board*, 15 Pa. Commonwealth Ct. 381, 327 A.2d 402 (1974).

Therefore, we issue the following

ORDER

AND NOW, this 5th day of August, 1975, the order of the Unemployment Compensation Board of Review as to the claim of Robert F. Gochenauer is hereby reversed and the record remanded to the Board for further proceedings consistent with this opinion.

DISSENTING OPINION BY PRESIDENT JUDGE BOWMAN:

We have repeatedly held that a capricious disregard of competent evidence occurs when there is a wilful and deliberate disregard of competent testimony and relevant evidence which one of ordinary intelligence could not possibly have avoided in reaching a result. *Sherred v. Pittsburgh*, 7 Pa. Commonwealth Ct. 401, 299 A.2d 381 (1973).

In considering the critical testimony of the claimant and his employer upon which the Board predicated its findings of fact 4 and 5, I cannot conclude that the Board capriciously disregarded either the testimony of the claimant or the employer. At best, the testimony of both is equivocal and ambiguous on the critical fact issue of whether claimant did or did not quit. The meaning and weight to be given to such testimony is for the fact

3. Our holding in this case is that the Board capriciously disregarded competent evidence in finding that claimant voluntarily terminated his job on May 3, 1974. Without such a finding, the Board's legal conclusion that claimant was disqualified from receiving benefits under Section 402(b)(1) must be reversed. We are specifically not deciding whether claimant voluntarily left his job at a later date or whether he might have been barred from receiving benefits under some other section of the Act. These questions are not before us.

finder. In performing this function, I cannot find that it deliberately disregarded the testimony of either or that considered together such testimony required the Board to reach a contrary result.

I dissent.

Judge WILKINSON joins in this dissent.