Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Walter Campbell, Appellant.

Argued June 10, 1976, before Judges CRUMLISH, JR., WILKINSON, JR., and MENCER, sitting as a panel of three.

*Kenneth B. Grooms,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, July 20, 1976:

This is an appeal by Walter Campbell (claimant) from an order of the Unemployment Compensation Board of Review (Board) which denied claimant unemployment compensation benefits because of its finding that he had voluntarily "quit his employment"

with Trans-American, Inc. (employer) "without cause of a necessitous and compelling nature."

Claimant raises two contentions concerning alleged errors made by the Board. Initially, he contends that the record lacks evidence capable of supporting the Board's finding that he had "quit his employment." Claimant contends that he was discharged.

The Board issued the following findings:

"1. The claimant was last employed for approximately 4 months by Trans-American, Inc. as a truck driver at $3.25 per hour; his last day of work being May 30, 1974.

"2. On his last day of work, the claimant and a co-worker were sent to a location in Flourtown, Pennsylvania to pick up some material. During the course of the day, the claimant and the co-worker disagreed as to certain procedures to be followed.

"3. During the afternoon of his last day of work, the claimant talked by telephone with his supervisor and said 'This is it. I have had it. I quit.'

"4. Upon returning to the employer's place of business at 6:00 P.M. the claimant was informed by the employer that his resignation was accepted."

We have closely examined the record and are compelled to conclude that all of the findings are supported by evidence in the record. Especially pertinent was the testimony of the three management witnesses for the employer. All directly testified that claimant "quit" his job. Representative of that testimony is the statement by Joseph Ansell, the employer's general manager, who explained the events as follows:

"On Thursday afternoon, it was a hot day, and they were given the job of some goods we purchased to pick

---

[1] The Board therefore invoked Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

up in an office, and bring in to the Show Room. His Helper called on the phone in the afternoon and told me they were having differences about getting the work done. Walter got on the phone and said, 'This is it'; 'I have had it'. 'I quit'.''

While claimant clearly testified that he had been "fired" and had not quit, the law leaves questions concerning the credibility of witnesses to the Board, and we may not reverse credibility decisions unless fraud has been proven. *Unemployment Compensation Board of Review v. Hart,* 22 Pa. Commonwealth Ct. 225, 348 A.2d 497 (1975). Since no fraud was alleged here, the Board's findings, which are supported by the evidence, must stand.

Claimant additionally contends that a resolution of this appeal is controlled by our recent opinion in *Unemployment Compensation Board of Review v. Gochenauer,* 21 Pa. Commonwealth Ct. 23, 342 A.2d 504 (1975). In *Gochenauer,* we reversed, as unsupported in the record, the Board's finding of a voluntary termination because of crucial testimony presented by the employer which corroborated claimant's contention that he had not "quit" but had left the employer's premises under the real belief that conditions of his employment would be subject to future negotiations. Here also, claimant alleges that he returned to the employer's premises the morning following his disagreement with the employer, ready for work, under the belief that his complaints were still subject to discussion. However, the record belies the application of *Gochenauer* to the facts at hand.

Daniel Lasden, the employer's president, testified that on the final day of work when claimant returned to the office, "I told Mr. Campbell at that point that we are accepting his resignation that he gave us over the phone."

The record here clearly supports the employer's contention that claimant left his work voluntarily and was informed of the employer's acceptance of his resignation on Thursday. While claimant may have been confused, or possibly penitent, on Friday morning, it is clear that the employer only expected claimant's presence on its premises for the purpose of picking up his paycheck. Unlike the factual situation in *Unemployment Compensation Board of Review v. Gochenauer, supra,* the confusion of penitence here was not shared by the employer.

### Order

And Now, this 20th day of July, 1976, the order of the Unemployment Compensation Board of Review relative to the claim of Walter Campbell is hereby affirmed.

Judge Rogers did not participate in the decision in this case.