Carmella T. Pietrinferni *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania. Carmella T. Pietrinferni, Appellant.

Argued December 9, 1976, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Kevin B. Curley,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, January 7, 1977:

This appeal arises from an order of the Unemployment Compensation Board of Review (Board) denying claimant unemployment compensation benefits because of its finding that claimant engaged in willful misconduct within the meaning of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).[1]

The referee and Board issued the following findings of fact:

1. Claimant was last employed by Tee's Little Pub as a bartender at the rate of $150.00 per week, plus tips. She had worked there slightly less than one year and her last day of work was September 21, 1974. Claimant had a pattern of habitual absenteeism, some of which was a result of illness and some of which was not.

2. Claimant had a chronic history of lateness in reporting for work.

---

[1] The Bureau of Employment Security found the claimant eligible for benefits and her employer appealed. After a hearing, the referee reversed the Bureau and found claimant ineligible for benefits under Section 402(e). The Board ordered further evidence taken. After a second hearing, the Board affirmed the order of the referee, adopting his findings and conclusions.

3. On a daily basis, the claimant used such vile language that it offended the employer's patrons, the suppliers of her employer and her employers themselves and customers of her employer. The obscenities used are a part of the record and are so gross that the Referee does not feel it is necessary to repeat them in these findings of fact.

4. Claimant gave her employer's products, which were on sale, to friends and customers without charging the usual rate which the employer was entitled to receive. Finally, immediately before her separation from employment, claimant refused to work when scheduled.

5. As a result of all of the above, the claimant was discharged and as noted above, her last day of work being September 21, 1974.

The sole issue on appeal is whether the findings are supported by substantial evidence, for if they are, they clearly constitute willful misconduct. "Substantial evidence is that evidence which a reasonable mind might accept as adequate to support the finding of the Board." *O'Keefe v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 151, 157, 333 A.2d 815, 819 (1975).

After a careful review of the record, we must conclude that there is ample evidence to support all of the findings of the Board. Especially pertinent is the testimony of the employer and admissions made by the claimant. At the hearing, nearly every allegation of the employer was contested. The referee's finding, however, is not unsupported by substantial evidence because of the existence of conflicting evidence. *Rabinowitz v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 51, 324 A.2d 825 (1974). It appears from the record that the referee quite simply believed the employer rather than the

claimant. Although the record could support a finding for either party, "the law leaves questions concerning the credibility of witnesses to the Board, and we may not reverse credibility decisions unless fraud has been proven." *Unemployment Compensation Board of Review v. Campbell*, 25 Pa. Commonwealth Ct. 566, 360 A.2d 245, 246 (1976). Since fraud has been neither alleged nor proved we cannot overturn the findings of the Board.

Accordingly, we will enter the following

ORDER

Now, January 7, 1977, the order of the Unemployment Compensation Board of Review, Decision B-129499, filed January 12, 1976, is affirmed.