John Koba, Appellant *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania.

Argued December 10, 1976, before Judges CRUM-
LISH, JR., MENCER and BLATT, sitting as a panel of
three.

*James B. Lieber,* for appellant.

*Susan Shinkman,* Assistant Attorney. General, with
her *Sydney Reuben,* Assistant Attorney General, and
*Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, March 15, 1977:

John Koba (claimant) appeals to this Court from
an order of the Unemployment Compensation Board
of Review (Board) which affirmed the referee's de-
nial of unemployment compensation benefits. The re-
fusal was based on Section 401(d) of the Unemploy-
ment Compensation Law[1] (Law).

The claimant had been employed by Budd Company
as a rigger for approximately four years when he in-
jured his back during a three-week vacation. Report-
ing to work after the vacation, he had been placed on

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897,
*as amended,* 43 P.S. §801(d), provides:

> Compensation shall be payable to any employe who is or
> becomes unemployed, and who—
>
> . . . .
>
> (d) Is able to work and available for suitable work. . . .

lay-off status because of his inability to do the heavy lifting required by his job and because lighter work was unavailable. The Bureau of Employment Security (Bureau) denied his petition for benefits, and the referee affirmed the determination that the claimant was not able and available for work. The Board also denied benefits initially, and, after a further hearing and oral argument, it again denied the claimant's petition. This appeal followed.

A claimant for unemployment compensation benefits has the burden of proving that he is able to work and available for suitable work. *Unemployment Compensation Board of Review v. Patsy*, 21 Pa. Commonwealth Ct. 341, 345 A.2d 785 (1975). Where, as here, the decision of the Board is against the party with the burden of proof, our review is limited to a determination of whether or not the findings of fact are consistent with each other and with the Board's conclusions of law and whether or not they can be sustained without a capricious disregard of competent evidence. *Unemployment Compensation Board of Review v. Gochenauer*, 21 Pa. Commonwealth Ct. 23, 342 A.2d 504 (1975).

At issue here is the Board's finding that "the claimant was not able to accept suitable work because of his physical condition." The record contains three doctors' reports concerning the claimant's ability to work: (1) a Bureau certification form completed by his personal physician, dated July 12, 1974, which indicated that the claimant was unable to accept gainful employment as of May 12, 1974 and that the physician was then uncertain as to the date on which the claimant would be able to accept employment; (2) an identical Bureau form completed by a different doctor, dated July 23, 1974, which indicated that the claimant was able to accept gainful employment as of May 13, 1974; and (3) a note written by the claimant's per-

sonal physician on April 2, 1975 which stated that the claimant "was able to resume work 5-13-74, heavy lifting to be avoided."

The claimant testified that, when the Bureau denied his claim petition on the basis of the July 12, 1974 certification, he had explained to a Bureau representative that he believed that his physician had misunderstood the question on the form, and he stated that the representative had given him another form to have completed by his doctor. By that time, however, his personal physician had gone on vacation and the claimant went, instead, to a referral doctor who completed the second form after the claimant explained what had occurred. After the Board denied benefits, a remand hearing was held and the note from the claimant's personal physician was introduced and accepted into the record. The claimant now argues that the Board capriciously disregarded this note, which he alleges to be a correction of his doctor's July 12, 1974 certificate.

The question of the ability of an employe to accept suitable employment is largely one of fact for the Board to determine. *Unemployment Compensation Board of Review v. Patsy, supra.* The Board here reviewed a record which contained conflicting medical evidence, and, as the Board explained in its decision, it found the July 12, 1974 certificate to be the most credible. It is clearly within the province of the Board, as the ultimate fact-finder, to determine the credibility and weight to be accorded the evidence. *Unemployment Compensation Board of Review v. Wright,* 21 Pa. Commonwealth Ct. 637, 347 A.2d 328 (1975). It is true that there is no testimony here from the physician admitting that an error was made, and the Board chose not to believe the claimant's testimony concerning that physician's later appraisal of the July 12, 1974 certificate. As we have frequently

held, however, the Board is not required to accept as true even uncontroverted testimony. *Unemployment Compensation Board of Review v. Cooper*, 25 Pa. Commonwealth Ct. 256, 360 A.2d 293 (1976). Moreover, we do not believe that the Board's failure to accept as credible the doctor's later note, which did not explain the response on the earlier form and which was dated nine months after the incident, was a capricious disregard of the evidence. *See Marino v. Unemployment Compensation Board of Review*, 17 Pa. Commonwealth Ct. 123, 330 A.2d 548 (1975).

Absent a determination that the Board capriciously disregarded the evidence, we must, therefore, affirm the Board's decision that the claimant was ineligible for benefits because, being physically unable to accept suitable work, he was not available for work within the meaning of the statute.

ORDER

AND Now, this 15th day of March, 1977, the order of the Unemployment Compensation Board of Review is hereby affirmed.