Mary L. Cerino, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 8, 1977, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Mary L. Cerino*, petitioner, for herself.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, January 26, 1978:

Mary L. Cerino (claimant) has taken this appeal from a decision of the Unemployment Compensation Board of Review (Board) finding her ineligible for unemployment compensation benefits. The Board's order, which affirmed the referee's determination of ineligibility, was based on a finding that she was unavailable for suitable work.[1] We affirm.

Claimant, a 72-year-old Philadelphian, was employed as a telephone operator by the Chestnut Hill office of the Telephone Message Bureau until February 8, 1976. Approximately six weeks prior to that date, she was informed that the Chestnut Hill branch would be closing. She was offered a position at the North Broad Street office, but, since her health prevented her from using public transportation, she refused this offer. When she applied for unemployment compensation benefits after her last day of work, the Bureau of Employment Security disallowed any compensation.

At a hearing before the referee, claimant testified that her doctor would allow her to do some work but that she could not travel. However, the record also contains a certification from her doctor on a Bureau form, stating that as of February 8, 1976 she was unable to accept gainful employment and that he did not know when she would be able to accept such employment. The doctor further stated in the certification

---

[1] *See* Section 401(d) of the Unemployment Compensation Law, Act of December 5, 1936 (Act), Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d).

that claimant suffered from borderline hypertension, artery insufficiency, unsteady gait, and claustrophobia.

In spite of our admiration for this septuagenarian's avowed interest in continuing in the labor force, we find no error in the Board's decision that she was not available for work. Our recent case of *Koba v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 264, 370 A.2d 815 (1977), is controlling. There, the claimant suffered a back injury during his vacation. The record contained a Bureau certification form, completed by the claimant's physician, indicating that he was unable to accept gainful employment as of May 1974 and that the physician was uncertain as to when he would be able to resume work. Nevertheless, a note written later by this physician, as well as a report from another doctor, indicated that the claimant was able to accept work in May 1974. We there deferred to the Board's role as judge of credibility and weigher of conflicting testimony and affirmed the denial of benefits under Section 401(d) of the Act, 43 P.S. §801(d) (not available for suitable work).

A similar factual situation is presented here. Although claimant's testimony provides some evidence that she was available for work on February 8, 1976, her own physician's statement indicates otherwise. Since this question is one for the Board as the ultimate fact-finder to resolve, *see Koba, supra,* we will not set aside their resolution of the issue.

ORDER

AND Now, this 26th day of January, 1978, the order of the Unemployment Compensation Board of Review, dated August 16, 1976, denying benefits to Mary L. Cerino, is hereby affirmed.