Blake Seward, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Universal Cyclops, Respondents.

Submitted on briefs, December 4, 1979, before Judges WILKINSON, JR., ROGERS and BLATT, sitting as a panel of three.

*Benjamin L. Costello,* with him, *Margaret D. Blough, Yablonski, King, Costello & Leckie,* for petitioner.

*Gary Marini,* Assistant Attorney General, with him, *Michael D. Klein,* Assistant Attorney General, *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondents.

OPINION BY JUDGE ROGERS, January 22, 1980:

Blake Seward has appealed from an order of the Unemployment Compensation Board of Review (Board) refusing him unemployment compensation benefits. We reverse and remand.

Seward was employed by Universal Cyclops for thirty seven years as a crane operator. His last day of work was January 18, 1977. After this date Seward was on medical leave of absence at partial pay for one year, during which he underwent two eye cataract operations. These operations were performed on January 20, 1977 and April 20, 1977. On September 18, 1977, after having twice been denied Social Security disability benefits, Seward applied for unemployment compensation.

The Bureau of Employment Security decided that Seward was eligible for benefits. Universal Cyclops appealed.

The referee reversed the Bureau and held that Seward was ineligible for benefits because he was not able and available for work within the meaning of Section 401(d) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d). The referee had before her when her decision was made a certificate of Seward's treating doctor dated September 23, 1977 stating that Seward was continuously and totally disabled from September 20, 1977 into the indefinite future.

On Seward's appeal the Board of Review initially adopted the referee's decision but thereafter, upon Seward's request for reconsideration, reopened the

case for further proceedings before a referee acting as a hearing examiner for the Board. At this hearing, Seward offered into evidence two additional reports by his treating physician. One was a "Return to Work Authorization", dated December 2, 1977, which stated that Seward was able to return to work on July 19, 1977. The other was a letter addressed to Seward's attorney, dated March 1, 1978, which, while unclear, appears to state a similar conclusion. The Board, noting the conflict between the doctor's report of September 23, 1977 and the later reports dated December 2, 1977 and March 1, 1978, found the September 23, 1977 insurance claim certification to be most worthy of belief. The Board concluded that Seward was not able and available for work and therefore was ineligible for benefits.

Seward contends that the Board capriciously disregarded competent evidence by failing to find that the later doctor's reports were more worthy of belief than the first report. This argument is without merit. The weight and credibility to be accorded evidence is for the fact finder. *Koba v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 264, 370 A.2d 815 (1977). As we stated in *Koba,* "we do not believe that the Board's failure to accept as credible the doctor's later note, which did not explain the response on the earlier form and which was dated nine months after the incident, was a capricious disregard of evidence." 29 Pa. Commonwealth Ct. at 268, 370 A.2d at 817.

Seward also contends that the Board committed an error of law by not making findings as to whether or not Seward could find work within his limitations. We agree. In determining whether or not a claimant is able and available for work,

> the essential question is whether the claimant's limitation on his availability effectively re-

moves him from his or her local labor market. . . . Moreover, to support a finding that the claimant is ineligible under Section 401(d) there must be sufficient evidence in the record to conclude that a search for employment would be an endeavor which would have an unreasonably low possibility of success.

*Goodwin v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 285, 289, 378 A.2d 1308, 1311 (1977).

Although the Board found Seward to be totally disabled, it is clear from the record that Seward's disability was limited to an inability to see without contact lens. With contact lens, however, which Seward wore, his eyesight was 20/20. The need to wear contact lens totally disabled Seward from performing the work he did for Universal Cyclops due to federal regulations. However, there is no evidence in the record showing that Seward could not perform other kinds of work. Nor, of course, does the record show that such other work as Seward could perform, assuming he could do some type of work, was not available. To the contrary, Seward's uncontroverted testimony was that he could do other work and that he had sought it.

We therefore reverse the Board's order and remand the case to the Board for further hearing, at which Seward's ability to perform work within his limitations and the availability of such work can be explored.

ORDER

AND Now, this 22nd day of January, 1980, the order of the Unemployment Compensation Board of Review denying unemployment compensation benefits to Blake Seward is reversed and the record is remanded to the Board for proceedings consistent with this opinion.

This decision was reached prior to the expiration of the term of office of Judge DiSalle.