John Michelcavage, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 4, 1981, before Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

*Steven Kachmar*, for appellant.

*John T. Kupchinsky*, Assistant Attorney General, with him *Richard Wagner*, Chief Counsel, and *LeRoy S. Zimmerman*, Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, July 9, 1981:

John Michelcavage (Claimant) appeals here from a decision of the Unemployment Compensation Board of Review (Board) dated December 31, 1979, that denied him unemployment compensation benefits under Section 402(b)(1) of the Unemployment Compensation Law.[1]

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1). At the time this claim was initiated, Section 402 read in pertinent part as follows:

An employe shall be ineligible for compensation for any week—

. . . .

The facts are uncontested. Claimant was employed as a heavy equipment mechanic by the No. 1 Contracting Corporation, West Pittston, Pennsylvania (Employer). In the latter part of the summer of 1979, he was assigned to a project on St. Thomas in the Virgin Islands at a salary of $2000 per month.[2] After six weeks on the job, Claimant informed Employer that he was returning to Pennsylvania for minor surgery unrelated to his job. When he was discharged from the hospital, Claimant called Employer and told him he was willing and able to return to work but that he would not return to St. Thomas unless his salary was increased. Employer refused to increase the salary and Claimant refused to return to St. Thomas. Claimant then applied to the Bureau (now Office) of Employment Security (Office) for unemployment compensation benefits. Benefits were denied and Claimant appealed. After a hearing the referee affirmed the Office's decision. On appeal the Board affirmed the decision of the referee. Claimant appealed to this Court.

Claimant contends he had necessitous and compelling reasons for terminating his employment. He alleges he was unable to support his family on his salary of $2000 per month because of the high cost of living on St. Thomas and Employer failed to inform him that the cost of living was so high. He further alleges that the strenuous construction work in the hot tropical climate has been detrimental to his health.

------

(b)(1) In which his employment is due to voluntarily leaving without cause of a necessitous and compelling nature. . . .

Section 402 has since been amended by the Act of July 10, 1980, P.L. 521. Section 402(b)(1) was redesignated Section 402(b), 43 P.S. §802(b) without any alteration to its provisions.

[2] While employed in the United States, Claimant was paid $11.45 per hour.

The law is clear. Claimant has the burden of proof to establish that he terminated his employment for necessitous and compelling reasons. *Owen v. Unemployment Compensation Board of Review*, 26 Pa. Commonwealth Ct. 278, 363 A.2d 852 (1976). Where, as here, the party with the burden of proof did not prevail before the Board our scope of review is limited to a determination of whether the Board's findings of fact can be sustained without a capricious disregard of competent evidence. *Houff Transfer, Inc. v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 238, 397 A.2d 42 (1979). Absent a capricious disregard of competent evidence the Board's findings of fact are binding on this Court if the findings are consistent with each other and the conclusions of law. The Board's legal conclusions drawn from those findings of fact remain, of course, subject to judicial review. *McNeil v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 315, 414 A.2d 727 (1980).

At the hearing Claimant testified that he would not return to St. Thomas unless he was given an increase in salary. The only evidence in the record concerning an inadequate salary was Claimant's own answer in response to a question by the referee.

QR: Was that the stipulation when you took the job, Mr. Michelcavage, that you would get $2,000 a month?

AC: That's right. And I told him . . . I told the superintendent, Al Poltrack, before I went down there. I told him that I would try it. Well, I went down there, and I said . . . but when I figured it out the hours that I was working, and the life the man has to live down there for $3 an hour, it wasn't . . .

It is well settled that mere dissatisfaction with wages and working assignments does not constitute cause of

necessitous and compelling nature for voluntarily terminating employment. *Snyder v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 425, 421 A.2d 530 (1980).

Claimant's other arguments are without merit. Our thorough review of the record reveals there was no evidence presented at the hearing to support a finding that the Claimant was in any way deceived as to, or not made aware of conditions that he now alleges to be onerous. Neither was there *any* evidence presented regarding Claimant's health. Where *no* evidence regarding an allegation was presented at the referee's hearing, it is obvious that neither the referee nor the Board was in a position to regard, or disregard, such evidence. Claimant clearly has failed to meet his burden.

Our review of the record convinces us that the Board's findings of fact are consistent with each other and with the conclusions of law.

Order affirmed.

### ORDER

AND Now, this 9th day of July, 1981, Decision No. B-179288 of the Unemployment Compensation Board of Review dated December 31, 1979, denying unemployment compensation benefits to John Michelcavage is hereby affirmed.