Rilicie Hazelton, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 17, 1982, to President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Andrew F. Erba,* for petitioner.

*John Kupchinsky,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, February 10, 1983:

This is an appeal by Rilicie Hazelton (Claimant) from an order of the Unemployment Compensation Board of Review (Board) which reversed a grant of benefits by a Referee. We affirm the decision of the Board.

Claimant was employed as a temporary worker through London Personnel Systems, Inc. (London) and was laid off but remained registered with London. She remained unemployed for about a week, then sought unemployment benefits which were denied. After a hearing, a Referee awarded benefits, finding the Claimant willing and able to work. On appeal, the Board reversed, finding that the Claimant had imposed an unreasonable restriction on her availability making her ineligible for benefits under Section 401(d) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d).

An applicant for unemployment compensation benefits has the burden to prove availability for suitable employment. *Unemployment Compensation Board of Review v. Patsy,* 21 Pa. Commonwealth Ct. 341, 345 A.2d 785 (1975). When the party with the burden of proof does not prevail before the Board, our review is limited to a determination of whether the findings

of fact are consistent with each other and with the conclusions of law and can be sustained without capricious disregard of competent evidence. *Michelcavage v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 424, 431 A.2d 1153 (1981); *Yazevac v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 90, 430 A.2d 1207 (1981).

Before the referee, the employer testified that Claimant had been "most firm in saying she would not accept anything under $5.00 an hour," and no work could be secured for her at that rate. The employer testified that he had offered Claimant a job at her previous wage of $4.50 an hour but she refused. The Claimant denied that she insisted on $5.00 an hour and testified that that figure represented only a preference. The Referee resolved this conflict in testimony in favor of Claimant. On review of the record, the Board found the testimony of the employer more credible and reversed. The Board may substitute its findings for those of the referee without a hearing. *Unemployment Compensation Board of Review v. Kennedy*, 18 Pa. Commonwealth Ct. 248, 334 A.2d 849 (1975). *See also Pastorious v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 50, 411 A.2d 1301 (1980). The finding by the Board was not in capricious disregard of competent evidence.

As a matter of law, the question of ineligibility will turn on whether the restrictions on Claimant's availability effectively removed her from the labor market and whether a search for employment would have had a low probability of success. *Seward v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 622, 410 A.2d 99 (1980). A claimant may impose conditions as to employment and still be available for work within the meaning of the law. *Wincek v. Unemployment Compensation Board of Re-*

*view*, 50 Pa. Commonwealth Ct. 237, 412 A.2d 699 (1980). But the Claimant is ineligible for unemployment benefits if there is not a "reasonable opportunity to secure work" under the restrictions imposed. *Myers v. Unemployment Compensation Board of Review*, 17 Pa. Commonwealth Ct. 281, 330 A.2d 886 (1975). Testimony by the employer indicated that there was nothing available for the Claimant in the wage bracket she demanded and her wage restriction removed all opportunity to secure work. The Board's conclusion that Claimant was therefore unavailable for work and ineligible for benefits is consistent with its other findings and can be sustained without capricious disregard of competent evidence.

ORDER

Now, February 10, 1983, the decision and order of the Unemployment Compensation Board dated February 25, 1981, No. B-192606 is affirmed.