Raymond H. Goodwin, Appellant *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued October 7, 1977, before Judges CRUMLISH, JR. and WILKINSON, JR., sitting as a panel of two.

*Dianne Upson,* for appellant.

*Charles Hasson,* Assistant Attorney General, with him *Sandra S. Christianson,* Assistant Attorney General, *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., November 2, 1977:

This is an appeal from an order of the Unemployment Compensation Board of Review (Board) affirming a decision of the referee denying benefits to the claimant on the ground that he was not available for work within the meaning of Section 401(d) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d).

The claimant, a laborer, applied for and was granted unemployment benefits on October 7, 1973. On April 3, 1974, he was referred by the Bureau of Employment Security to Thorndale Land Company for possible employment, but he was not able to report to

the referral because his car was inoperative. When he notified the Bureau of Employment Security (Bureau) of his reason for not reporting to the referral he also informed the Bureau that until his car was repaired he could not accept any job unless it was within walking distance of his home which the record indicates was near the center of Coatesville. The Bureau then determined on April 25, 1974 that claimant had refused a suitable job offer in violation of Section 402(a) of the Law, 43 P.S. §802(a), and was not available for work generally as required by Section 401(d), 43 P.S. §801(d). This determination was upheld by the referee in a decision on May 28, 1974. On appeal the Board on July 11, 1974 found claimant had good cause for failing to report to the job referral and therefore was not ineligible for benefits under Section 402(a) but that he was disqualified under Section 401 (d) because of his condition that future jobs be within walking distance of his home. On appeal to this Court, the case was remanded to the Board for additional testimony and decision by an order of President Judge BOWMAN on a stipulation of counsel on January 17, 1975. At a hearing on August 7, 1975, the referee heard testimony of a representative of the Bureau, who testified as to potential employers within walking distance of claimant's home. On December 18, 1975 the Board rendered a decision nearly identical to its initial order and making no additional finding as to the availability of potential employers within walking distance of his home. Because we find the Board is in error in its conclusion of law that limiting work to within walking distance renders a claimant ineligible in all cases, we must reverse.

Generally, the determination of whether a claimant is available for work as required by Section 401(d) of the Law is a question of fact for the Board, *Graham v. Unemployment Compensation Board of Re-*

*view,* 14 Pa. Commonwealth Ct. 445, 322 A.2d 807 (1974), which the Court would be bound to affirm if the Board's resolution of that factual issue is supported by the evidence. However, since the Board made no factual findings as to the availability of work within walking distance of claimant's home, we are here asked to conclude, as a matter of law, that any claimant who limits his availability for work to jobs within walking distance has conclusively and effectively removed himself from the labor market. We do not believe our cases require such an unrealistic result. As this Court stated in *Unemployment Compensation Board of Review v. Wilson,* 24 Pa. Commonwealth Ct. 21, 354 A.2d 260 (1976), the question of whether a claimant has removed himself from the labor market is a matter of drawing the line between those cases where a claim of reasonable availability is patently untenable and those in which a factual inquiry should be conducted as to the conditions of the local labor market. In *Wilson, supra,* the claimant was held ineligible when she refused any employment except between the hours of 10 a.m. and 3 p.m. The appellant here, however, has only limited his availability to work within walking distance. Such a limitation we believe is squarely within the parameters established in *Wilson, supra,* where a factual inquiry must be made since it is clear that the number of jobs available to a claimant who can only walk to work depends on where he lives and where potential employers' businesses are located.

Although our scope of review is limited to determination of whether or not the Board's findings of fact are consistent with its conclusions of law, where the Board capriciously disregards competent evidence we must reverse. See *Unemployment Compensation Board of Review v. Gochenauer,* 21 Pa. Commonwealth Ct. 23, 342 A.2d 504 (1975). The Board made two

findings of fact on the question of availability which read as follows:

4. Claimant stated he could accept employment only at locations within walking distance from his home.

5. During the period at issue, the claimant was not available for work.

In reviewing the record, however, we find there is uncontradicted evidence that claimant was within walking distance of several large industrial plants and the commercial district of Coatesville. At the remand hearing a claims interviewer for the Bureau testified that at least four large employers and a number of smaller employers were within walking distance of claimant's residence. The record further reveals this critical passage: "REFEREE [To BUREAU REPRESENTATIVE] : . . . Do you consider the Coatesville area as a labor market area . . . for a labor force? BUREAU REPRESENTATIVE: Yes. . . ."

Our courts have frequently said that a claimant need not be available for any and all types of work in order to be "available" and eligible for benefits under the Law. *See Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 45 A.2d 898 (1946). Rather, the essential question is whether the claimant's limitation on his availability effectively removes him from his or her local labor market. *Myers v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 281, 330 A.2d 886 (1975). Moreover, to support a finding that the claimant is ineligible under Section 401(d) there must be sufficient evidence in the record to conclude that a search for employment would be an endeavor which would have an unreasonably low possibility of success. *Myers, supra.* The evidence here is contrary to the conclusion reached by the Board that the claimant was unavailable for work.

Accordingly, we will enter the following

ORDER

Now, November 2, 1977, the order of the Unemployment Compensation Board of Review, No. B-74-2-C-89, Decision No. B-122382-B, dated December 18, 1975, is hereby reversed and the Bureau of Employment Security is hereby ordered to pay to claimant unemployment compensation benefits plus interest on such amount to be assessed at the statutory rate as he is entitled to receive in accordance with the provisions of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §751 et seq.

AMENDED ORDER

Now, November 10, 1977, after notification and accord of counsel, the order of this Court filed in the above matter on November 2, 1977, is set aside and it is ordered that the order of the Unemployment Compensation Board of Review No. B-74-2-C-89, Decision No. B-122382-B, dated December 18, 1975, is hereby reversed and this matter is remanded to the Board for a computation of benefits.