Josephine Tanase, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 4, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

*Joseph D. Messina,* for petitioner.

*Daniel R. Schuckers,* Assistant Attorney General, with him, *Bernadette A. Duncan,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., June 2, 1978:

This case comes before us on appeal following the denial of unemployment compensation benefits to the petitioner. Both the referee and the Bureau of Em-

ployment Security denied benefits to the petitioner on the grounds that she was not able and available for work, and that she had refused to accept a referral for suitable work. Sections 401(d) and 402(a) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§801(d), 802(a). The Unemployment Compensation Board of Review then disallowed claimant's appeal. We affirm the denial of benefits.

Petitioner was employed as a sewing machine operator by Cay Artley, Inc., for a period of twenty-two years and three months. Her last day of work was September 19, 1975, when she became unemployed due to the permanent closing of her employer's plant. Petitioner then applied for unemployment compensation benefits, which she received until the week ending October 2, 1976, a period of in excess of 12 months. Her benefits were terminated at that time because she refused to accept a referral for a position as a sewing machine operator at a plant located some thirteen miles from her home.

Petitioner has presented two basic reasons for refusing the referral. First, she testified that, although she has a valid driver's license and an automobile, she does not like to drive. She testified that she had never driven when there was snow or ice on the roads, and further that she would not drive under those circumstances because her brother had been killed in an auto accident while driving under similar conditions. Second, petitioner testified that she would prefer to work in her hometown of Johnstown so that she could be near her eighty-year-old mother in case of an emergency.

With respect to petitioner's availability for work under the provisions of Section 401(d) of the Law, 43 P.S. §801(d), the issue which arises is whether, by re-

fusing to work outside of Johnstown,[1] petitioner "has conclusively and effectively removed [herself] from the labor market." *Goodwin v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 285, 288, 378 A.2d 1308, 1310 (1977). As was further stated in *Goodwin, supra,* at 288, 378 A.2d at 1310:

> [T]he question of whether a claimant has removed himself from the labor market is a matter of drawing the line between those cases where a claim of reasonable availability is patently untenable and those in which a factual inquiry should be conducted as to the conditions of the local labor market.

In the instant case the restrictions which petitioner has placed upon her availability for work are not patently untenable, and therefore a factual inquiry into the labor market in Johnstown is justified. We need not remand this case for such an inquiry, however, since the petitioner has, by her own testimony, established that there is not a labor market in the Johnstown area for sewing machine operators or similar positions. In response to a question from the referee as to the market for sewing machine operators, petitioner stated there was none except for the job referral which she had refused.[2] Petitioner further testi-

---

[1] Petitioner contends that she did not refuse to work outside of Johnstown, but merely stated a preference for work within Johnstown. While there is some testimony to that effect, we believe that a review of the entire record, coupled with petitioner's refusal to accept the referral, supports the conclusion that petitioner had limited herself to working in Johnstown. The summary of petitioner's interview with a representative from the Bureau of Employment Security, certified by petitioner, also supports this conclusion.

[2] We note that petitioner did not report for an interview at the referral nor did she inquire whether a car pool was available. After more than 12 months' unemployment such lack of diligence could be significant.

fied that although she had looked for work, "there hasn't been any factories around here." Thus, we find that in the instant case petitioner has, by her self-imposed restrictions, effectively removed herself from the local labor market.

Since we have concluded that petitioner is not able and available for work within the meaning of Section 401(d) of the Law, 43 P.S. §801(d), we need not decide whether petitioner was justified in refusing the job referral under the rules set forth in Section 402(a) of the Law, 43 P.S. §802(a).

Accordingly, we will enter the following

ORDER

AND Now, June 2, 1978, the decision of the Unemployment Compensation Board of Review, No. B-139978, dated January 21, 1977, is affirmed.