United States Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent; Robert P. Long, Intervenor.

United States Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent; Robert L. Stewart, Intervenor.

Bethlehem Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 6, 1978, before President Judge Bow-
MAN and Judges CRUMLISH, JR., WILKINSON, JR., MEN-
CER, ROGERS, BLATT and DiSALLE.

*James T. Carney,* for petitioner, U. S. Steel Cor-
poration.

*Francis J. O'Gorman, Jr.,* with him *Keefer, Wood,
Allen & Rahal,* for petitioner, Bethlehem Steel Corpo-
ration.

*Daniel R. Schuckers,* Assistant Attorney General,
with him *Robert P. Kane,* Attorney General, for re-
spondent.

*A. E. Lawson,* with him *Bernard Kleiman,* for in-
tervenor respondents.

*Jerome H. Gerber, James L. Cowden*, and *Handler, Gerber and Weinstock*, for amicus curiae, Pennsylvania AFL-CIO.

OPINION BY JUDGE DISALLE, July 28, 1978:

Presently before us are three petitions for review raising the identical issue of the entitlement of indefinitely laid off employees to unemployment compensation benefits for weeks during which they drew vacation pay. In each case the Unemployment Compensation Board of Review (Board) determined that a vacation pay deduction pursuant to Section 404(d)(ii) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §804(d)(ii), was not warranted and, therefore, granted benefits to the individual claimants. The three cases were consolidated by order of this Court dated March 23, 1978. Since there are slightly differing factual situations in each case, we will briefly enumerate the salient facts.

Claimant, Frank LaPlaca, worked as a laborer for the Bethlehem Steel Corporation (Bethlehem Steel) and was indefinitely laid off on September 24, 1976. On November 3, 1976, he requested and was subsequently granted a vacation period from February 13, 1977, through February 19, 1977. During this period Claimant received vacation pay of $346.80. He was not recalled to work until March 21, 1977. The Bureau of Employment Security (Bureau), the referee, and the Board granted unemployment compensation benefits for LaPlaca's vacation week without deducting vacation pay therefrom. This appeal by Bethlehem Steel followed.

Claimant, Robert L. Stewart, was employed as a laborer for the United States Steel Corporation (U.S.S.) and was laid off on January 31, 1976, without a definite date of recall. Previously, he had

scheduled his 1976 vacation for the weeks of September 5, October 10, and October 17, 1976. After he was laid off, however, he requested and was granted a vacation period from February 1, 1976, through February 7, 1976. During this period claimant received approximately $200 as vacation pay. The record does not reveal whether he was recalled to work. The Bureau and the referee denied benefits to claimant under Section 401(d) of the Act and the Board disallowed the further appeal. On remand from this Court, however, and after oral argument, the Board reversed the referee and granted benefits without a vacation pay deduction. U.S.S. then filed this appeal.

Claimant, Robert P. Long, Jr., who was also employed by U.S.S., worked as a ladle and pot repairman. He was laid off without a definite date of recall on September 30, 1976. In October of 1976 he requested a vacation period from January 2, 1977, through January 15, 1977. This request was approved in December of 1976. Although claimant received vacation pay, the exact amount is not disclosed in the record. He was recalled to work on January 17, 1977. The Bureau granted benefits to claimant, which determination was reversed by the referee. The Board reversed the referee and allowed benefits without the deduction of vacation pay. This appeal by U.S.S. followed.

Bethlehem Steel and U.S.S. (Employers) urge this Court to reverse the Board and disallow unemployment compensation benefits to the claimants for the periods in which each took his respective vacation and received vacation pay. Specifically, they argue that, as a result of a collective bargaining agreement in the case of U.S.S., and an established labor practice in the case of Bethlehem Steel, these claimants could not have been recalled to work during their vacation periods, and, therefore, they were not "available for

suitable work" as required by Section 401(d) of the Act, 43 P.S. §801(d).

The resolution of this question requires an analysis of Section 404(d)(ii) in light of Section 401(d). Prior to its amendment in 1971, Section 404(d)(2) (as it was then designated) provided that "each eligible employe who is unemployed [during a particular week] . . . shall be paid . . . compensation in an amount equal to his weekly benefit rate less the total of . . . (2) vacation pay, if any. . . ." Under this language, the result urged upon us by the Employers would have been proper; *i.e.*, the claimants would have been ineligible to receive unemployment compensation benefits since they received more in vacation pay per week than they received in benefits.

However, in 1971, an exception to the vacation pay set-off provision was engrafted upon this Section, providing that there shall be no set-off of vacation pay "when paid to an employe who is permanently or indefinitely separated from his employment. . . ." (Act of September 27, 1971, P.L. 475). The 1971 amendment reflects the intent of the legislature to reconcile the language and effect of Section 404(d) (ii) with the distinction drawn by our Appellate Courts between vacation pay and vacation periods. Vacation pay had been construed to be compensation not only for the calendar days it covers, but also a bonus for the whole year's work. *Mathewson v. Westinghouse Electric Corp.,* 394 Pa. 518, 521, 147 A.2d 409, 411 (1959). To disqualify a claimant from unemployment compensation benefits because of vacation pay, the courts had held that the vacation pay received must be allocable to an actual vacation period. *Piestrak Unemployment Compensation Case,* 404 Pa. 527, 172 A.2d 807 (1961); *Franceschi Unemployment Compensation Case,* 196 Pa. Superior Ct. 150, 173 A.2d 774 (1961). A vacation period was de-

termined to be that period of time when an employe who otherwise would have been required to work was excused from working. Consequently, a vacation period could not have occurred while an employe was laid off for lack of work. *Franceschi Unemployment Compensation Case, supra.* The amendment to Section 404(d) therefore grants benefits to claimants who are indefinitely or permanently out of work irrespective of their receipt of vacation pay, so long as they otherwise qualify.

In the instant case, the Employers would, in effect, have us restrict Section 404(d)(ii) by holding claimants to be unavailable for suitable work. This we will not do. Both the broad social purpose of the Act and the application of Section 401(d) justify our refusal.

As a general proposition, Section 404(d)(ii) implicitly recognizes that those who are on vacation and receiving vacation pay are not disqualified under Section 401(d) by the mere fact they are on vacation. A separate inquiry must be made into the facts of each case to determine whether a claimant has a disqualifying restriction on his availability. The Employers' argument that a collective bargaining agreement or an established labor practice precluding an employe's recall to work while on vacation amounts to such a disqualifying restriction on availability fails to comprehend the nature of conditionality of employment intended by Section 401(d).

Although one may render himself unavailable for work by conditions and limitations as to employment, *Pinto Unemployment Compensation Case,* 168 Pa. Superior Ct. 540, 542, 79 A.2d 802, 803 (1951), the present restriction on recall of employes is not the kind of condition or limitation that should prevent a claimant from receiving unemployment compensation benefits. In the first place, the essential ques-

tion is whether a claimant's limitation on his availability removes him from his local labor market. *Goodwin v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 285, 378 A.2d 1308 (1977). It must be remembered that all three claimants in this case were on indefinite layoff when they started their vacation. There was no work available for them for which they could be recalled. In the second place, neither a collective bargaining agreement nor a less binding labor practice should control in determining the eligibility of an employe for unemployment compensation. *Gianfelice Unemployment Compensation Case*, 396 Pa. 545, 153 A.2d 906 (1959). As the Supreme Court stated in *Gianfelice*, "the factual matrix at the time of separation should govern." 396 Pa. at 551, 153 A.2d at 909.

In both the LaPlaca and Stewart cases, the Board found that claimants remained at home in their labor market areas for the entire vacation period. Since they were on indefinite layoff, it was incumbent on the Employers to prove that they were offered suitable work and that this was refused. If the recall of employes during a vacation period amounted to a violation of the collective bargaining agreement, for example, then such a charge could be taken up in the established grievance procedure. It should not, however, affect the eligibility of a claimant for unemployment compensation benefits.

In the Long case the Board also found that claimant remained in his local labor market, but this case is complicated by two additional factors. First, his Employer testified that work was available to claimant as of January 9, 1977, and, but for the collective bargaining agreement, the claimant would have been offered work. Secondly, the claimant testified that he would not have accepted permanent employment with any employer other than U.S.S. Neither of these

factors, standing alone, should operate so as to preclude claimant from receiving unemployment compensation benefits. The factual matrix does not indicate that claimant had been offered and had refused suitable work. Furthermore, there is no requirement that a claimant be available for permanent work so long as he is available for suitable work. The presumption of availability, as discussed in *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 45 A.2d 898 (1946), was not rebutted.

We find that the Board's findings of fact are supported by substantial evidence and that no error of law was committed. Accordingly, we affirm.

ORDER

AND Now, this 28th day of July, 1978, the orders of the Unemployment Compensation Board of Review at Decision Nos. B-150109, B-132103-B and B-149741, dated October 11, 1977, October 11, 1977, and September 29, 1977, respectively, are hereby affirmed.