Verna M. Craig, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 4, 1982, before President Judge CRUMLISH and Judges ROGERS and DOYLE, sitting as a panel of three.

*Raymond H. Bogaty, Bogaty, McEwen & Sparks,* for petitioner.

*Steven J. Neary,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, March 15, 1982:

This is an appeal by Verna M. Craig (Claimant) from a decision by the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits pursuant to Section 401(d)(1) of the Unemployment Compensation Law (Law).[1] We vacate and remand.

Claimant was employed as a $6.58 per hour burner assembler by I.T.T. Reznor (Employer) for six months prior to her layoff on April 15, 1980. Immediately after being placed on layoff status by Employer, Claimant filed for and began receiving unemployment compensation benefits. Claimant continued to receive benefits until November, 1980, when they were denied for the compensable week ending November 15, 1980,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d)(1) which holds that unemployment compensation shall be payable to any employee who becomes unemployed but is able to work and available for suitable work.

and subsequent weeks, because Claimant stated that she would not accept a job with a starting wage of less than $6.58 per hour, a condition which was considered to be an undue limitation on her availability for suitable employment. When Claimant disputed the denial of benefits, a referee's hearing was held at which Claimant testified:

QR: Now the record indicates that you would not consider any job which paid less than $6.58 an hour is that true?

AC: Well, this is the first time I had ever worked away from home so I really had no idea when I was going, I made that statement from the fact that I had talked to the people who had been unemployed before. I really didn't know what my rights were as far as accepting or refusing a job. I more or less responded on hearsay.

QR: What would you be willing to work for?

AC: Well if it was in a reasonable distance I think I would have considered the $5.75 that he had mentioned. But he didn't actually tell me there was a job existing. He said if they offered me a job.

Following the hearing, the referee, found that the prevailing beginning wage rate for assembly work in Claimant's local labor market was $4.75 per hour and, as he perceived Claimant to have limited her availability for employment in a manner which was unrealistic in view of the length of time she had been unemployed, the referee affirmed the denial of benefits. The Board also affirmed and the appeal to this Court followed.

To be eligible for unemployment compensation, a claimant must be available for suitable employment and it is the Claimant's burden to demonstrate such

availability. *Humanic v. Unemployment Compensa-
tion Board of Review,* 55 Pa. Commonwealth Ct. 428,
423 A.2d 64 (1980). "Generally, the determination of
whether a claimant is available for work as required
by Section 401(d)[1] of the Law is a question of fact
for the Board . . . which . . . [this] Court would be
bound to affirm if the Board's resolution of that fac-
tual issue is supported by the evidence." *Goodwin v.
Unemployment Compensation Board of Review,* 32 Pa.
Commonwealth Ct. 285, 287-288, 378 A.2d 1308, 1310
(1977) (citation omitted).

Before this Court, Claimant asserts that the deci-
sion of the referee was in error because there was no
evidence that any jobs were available, offered to or re-
fused by Claimant, or that the prevailing beginning
wage rate for assemblers in the local market area was
$4.75 per hour or that Claimant's self-imposed limita-
tions had effectively removed her from the local labor
market. The Board, in turn, concedes that there was no
factual inquiry as to the availability of work nor any
evidence whatsoever to support the finding that the
prevailing starting wage rate for assemblers was $4.75
per hour. It urges us to affirm, however, on the
grounds that, as a matter of law, an unskilled claimant
who has been unemployed for seven months and limits
her availability to jobs which will pay a minimum
starting wage of approximately eighty-five per cent of
her prior wage rate, has removed herself from the
labor market.

To be considered "available" for purposes of eli-
gibility for unemployment compensation, a claimant
must be ready, willing and able to accept either tem-
porary or permanent suitable employment at any time
by another employer and be actually and currently at-
tached to the labor force. *Penn Hills School District v.
Unemployment Compensation Board of Review,* 56 Pa.
Commonwealth Ct. 291, 425 A.2d 30 (1981). One *may*

render oneself unavailable for work by attaching conditions and limitations as to employment. *United States Steel Corp. v. Unemployment Compensation Board of Review*, 37 Pa. Commonwealth Ct. 53, 389 A.2d 249 (1978). While it is generally necessary for the referee to conduct a factual inquiry into the conditions of the local labor market before it can be held that a claimant's conditions or limitations as to employment have rendered him or her unavailable, some restrictions on availability are so untenable and illustrative of a lack of good faith on the part of the claimant on their face as to be disqualifying as a matter of law.[2] *Unemployment Compensation Board of Review v. Wilson*, 24 Pa. Commonwealth Ct. 21, 354 A.2d 260 (1976) ; *Bernotas Unemployment Compensation Case*, 175 Pa. Superior Ct. 437, 106 A.2d 638 (1954).

This, however, is not the situation with respect to the minimum acceptable wage limitations ostensibly set by Claimant in the case at bar. We hold so in light of the fact that Claimant, despite being considered unskilled, was already receiving $6.58 per hour after only six months with Employer. Furthermore, she was scheduled for a raise to $7.03 per hour at the beginning of May, only her seventh month on the job. Thus, while perhaps not wholly reasonable, Claimant's minimum acceptable wage limitation on new employment was not so facially untenable as to permit us to affirm the Board as a matter of law and excuse the board from its failure to conduct a factual inquiry into the conditions of Claimant's local labor market to see if her limitations did, in fact, detach her from that market. We therefore vacate the decision of the Board and

---

[2] There is no general rule by which it can be determined whether a claimant's restrictions or limitations on employment have rendered him or her unavailable as a matter of law. Each case must be decided on its facts. *Unemployment Compensation Board of Review v. Wilson*, 24 Pa. Commonwealth Ct. 21, 354 A.2d 260 (1976).

remand for further hearing for the purpose of conducting the necessary factual inquiry. Moreover, once said factual inquiry has been conducted, a direct inquiry should be made as to whether Claimant would accept employment under the conditions demonstrated to prevail in her job market. Claimant's responses at her first hearing when asked what wage rate she would work for were not unequivocal and seemed to stem more from confusion over what she needed to do to protect her interests than from a concrete resolve not to accept a job paying less that $5.75 per hour. The referee, however, never once asked Claimant if she would have been willing to return to work for $4.75 per hour, despite the fact that he was operating under the, albeit unsupported, premise that this was the prevailing beginning wage rate in Claimant's job market.

Accordingly, we enter the following

ORDER

Now, March 15, 1982, the decision and order of the Unemployment Compensation Board of Review, No. B-191761, dated January 29, 1981, is hereby vacated and we remand for further proceedings consistent with this opinion.