Beatrice M. Burke, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 18, 1982, to Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Paul Domalakes, Rubright, Domalakes, Troy & Miller,* for petitioner.

*Steven J. Neary,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., June 8, 1983:

Beatrice M. Burke (claimant) appeals to this Court for relief from the Unemployment Compensation Board of Review's (Board) decision that she was unavailable for work, and thus ineligible for unemployment benefits pursuant to Section 401(d)(1) of the Unemployment Compensation Law (Law).[1]

The claimant was employed as a presser by Charles Rabin & Company until the employer's plant was closed on December 3, 1980. On January 11, 1981

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d).

the claimant applied for unemployment benefits, which she received until March 17, 1981. On the date last mentioned, the Office of Employment Security (OES) issued a determination discontinuing the claimant's benefits pursuant to Section 402(a) of the Law.[2] The facts which led to this action by the OES are set forth below.

On March 12, 1981 the claimant was referred to College Casuals for a position as a pressing machine operator at an hourly rate of $4.00. The claimant is a resident of Frackville, Schuylkill County, Pennsylvania, which is approximately seventeen miles from the prospective employer's plant located in Sheppton, Pennsylvania. Anticipating a problem of getting to and from work, the claimant telephoned College Casuals on two separate occasions to inquire if any of its employees lived near her. The claimant does not own a car and does not have a driver's license. The area in which she lives is not serviced by public transportation. Consequently, she has access to neither private nor public transportation to get to College Casuals in Sheppton, Pennsylvania. When College Casuals informed the claimant that it had no employees from her hometown or the immediate vicinity the claimant refused the referral.

On appeal from the OES' determination, it was decided by the referee that the OES' determination should be affirmed. However, on a further appeal to the Board, it was decided that the claimant was not ineligible under Section 402(a), but was disqualified pursuant to Section 401(d)(1) of the Law. Section 401(d)(1) of the Law provides that to be eligible for compensation benefits a claimant must be, at all times,

---

[2] 43 P.S. §802(a). In pertinent part this section provides that an employee is ineligible for compensation for any week in which his unemployment is due to failure, without good cause, to accept suitable work.

able and available for suitable work. It is true that a claimant establishes a prima facie case of availability and creates a presumption of availability by registering for work with the unemployment authorities. *Wincek v. Unemployment Compensation Board of Review,* 64 Pa. Commonwealth Ct. 201, 439 A.2d 890 (1982). However, that presumption is rebuttable by reasonably drawn inferences made by the Board from the surrounding circumstances of the particular case. *Id.*

In this case, the Board made several inferential findings of fact which led to its conclusion that the claimant was ineligible for compensation benefits. The Board found that the claimant limited her availability to work within walking distance of her home or to places of employment where transportation is available with friends, co-workers or neighbors.[3] On the basis of the OES representative's testimony the Board found that few job opportunities were available to the claimant due to the limitations she placed on her availability.[4] The Board further found that the claim-

---

[3] The claimant's refusal of the position at College Casuals because of a lack of a means of transportation led to the Board's finding that the claimant imposed limitations on her availability for employment.

[4] The pertinent portion of the OES representative's testimony follows:

"QR: She could receive employment or referral.

AO: You are a machine presser aren't you?

AC: Yes I am.

AO: I have a hand presser locally but no machine pressing.

QR: Would the hand pressing be suitable work for her?

AO: I don't know whether the employer would accept a machine presser instead of a hand presser, I would have to discuss that with him.

QR: But there are jobs in the local labor market for which she would be suitable is that correct?

AE: Very few of them, and that would be 5 miles."

ant, by imposing a limitation on her availability for employment, had effectively removed herself from the local labor market. On the basis of its findings of fact the Board concluded that the claimant was unavailable for work and therefore ineligible for unemployment benefits.

The claimant argues that she became unemployed through no fault of her own, and made every realistic effort possible to find a means of transportation to Sheppton, Pennsylvania. She contends that her inability to find transportation to the employment referral in Sheppton is not sufficient to warrant the finding of fact that she effectively removed herself from the local labor market. Further, the claimant asserts that the Board could not properly conclude that she was unavailable for work in the local labor market where there was no evidence adduced at the hearing relative to the claimant's ability to reach other work in the local labor market of Frackville, Pennsylvania.

Our scope of review is limited to determining questions of law, and absent fraud, a determination of whether the Board's findings of fact are supported by substantial evidence. *Myers v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 281, 330 A.2d 886 (1975). While it has been held that one may render oneself unavailable for work by attaching conditions and limitations to employment,[5] a person may impose conditions as to employment and still be ''available'' within the meaning of Section 401(d)(1) of the Law. *Wincek v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 237, 412 A.2d 699 (1980). The test is whether the claimant's limitation on her availability effec-

---

[5] *United States Steel Corp. v. Unemployment Compensation Board of Review,* 37 Pa. Commonwealth Ct. 53, 389 A.2d 249 (1978).

tively removes her from her local labor market. *My-ers.* To support the conclusion that a claimant is ineligible under Section 401(d)(1), there must be sufficient evidence in the record to conclude that the claimant's limitation on his availability for employment makes a search for employment an endeavor which has an unreasonably low possibility of success. *Goodwin v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 285, 378 A.2d 1308 (1977). Only then can it be said that one's limitations on his job availability effectively removes him from the local labor market. *Goodwin.*

After a careful review of the record we find only a brief inquiry made of the OES representative as to the condition of the local labor market. However, that discussion did not establish that the claimant's transportation situation eliminated her availability for work within her local labor market. It appears that the Board concluded that the claimant was unavailable for work because of her isolated refusal of the College Casuals job referral. There is no evidence establishing the fact that the claimant's particular transportation situation prevented her from accepting other employment referrals. It is possible that friends, neighbors or others could provide the claimant with transportation to and from work. And the Board made no finding on that issue. Thus, it remains an unanswered question of fact, in this case, whether the claimant's limitation on her availability actually and effectively removed her from the local labor market.

Therefore, we must vacate the Board's order and remand this case for additional findings of fact relative to the issue raised in the foregoing paragraph.

### Order

And Now, the 8th day of June, 1983, the decision and order of the Unemployment Compensation Board

·of·Review, No. B-195937, dated June 9, 1981, is hereby vacated. We remand for further proceedings consistent with this opinion and relinquish jurisdiction of the matter.