Frank V. Percosky, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 6, 1983, before Judges WILLIAMS, JR., BARRY and BLATT, sitting as a panel of three.

*Joseph B. Policicchio, Ogle, Metz & Policicchio,* for petitioner.

*Charles Donahue,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, March 19, 1984:

Frank V. Percosky (Claimant) appeals a decision of the Unemployment Compensation Board of Review (Board) which affirmed a referee's determination denying Claimant unemployment compensation benefits for the period from September 12, 1981 through October 20, 1981 because he was found to have violated the "spirit and intent" of Section 401(d)(1) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d)(1). This provision holds that unemployment "[c]ompensation shall be payable to any employe who is or becomes unemployed, and who . . . [i]s able to work and available for suitable work. . . ." We vacate and remand.

Claimant was employed by Baltimore Life Insurance Company as an insurance agent at the rate of $200.00 per week for three years. On March 6, 1981, Claimant was separated from his employment. In an interview with an unemployment compensation claims examiner on September 18, 1981, Claimant stated, "I'd need $15,000.00 a year to go to work. I'd accept less but I'd have to get a substantial commission. If straight salary—$15,000.00—if commission I'd try

to work something out with employer—also would want benefits.'' This amount was essentially what the Claimant was receiving when he was laid off. The referee determined that because Claimant told the claims examiner that he needed $15,000.00 a year to go to work, Claimant imposed limitations on his availability for suitable work and essentially removed himself from the labor market.

At his hearing before the referee on October 20, 1981, Claimant explained that the $15,000.00 salary was his preference but not an absolute requirement. (T. 3). The claims examiner, however, testified at the hearing that it was his impression that Claimant needed $15,000.00 a year to start to work and that, if there was a job offer made to him or a job that paid less than $15,000.00, Claimant would not accept it. (T. 5).

To be eligible for unemployment compensation, a claimant must be available for suitable employment and it is the claimant's burden to demonstrate such availability. *Craig v. Unemployment Compensation Board of Review,* 65 Pa. Commonwealth Ct. 305, 442 A.2d 400 (1982) citing *Humanic v. Unemployment Compensation Board of Review,* 55 Pa. Commonwealth Ct. 428, 423 A.2d 64 (1980).

> The question of whether a claimant has removed himself from the labor market is a matter of drawing the line between those cases where a claim of reasonable availability is patently untenable and those in which a factual inquiry should be conducted as to the conditions of the local labor market.

*Goodwin v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 285, 288, 378 A.2d 1308, 1310 (1977) citing *Unemployment Compensation Board of Review v. Wilson,* 24 Pa. Commonwealth Ct. 21, 354 A.2d 260 (1976).

Our courts have frequently said that a claimant need not be available for any and all types of work in order to be "available" and eligible for benefits under the law. (Citation omitted.) Rather, the essential question is whether the claimant's limitation on his availability effectively removes him from his or her local labor market. Myers v. Unemployment Compensation Board of Review, 17 Pa. Commonwealth Ct. 281, 330 A.2d 886 (1975).

*Goodwin,* 32 Pa. Commonwealth Ct. at 289, 378 A.2d at 1310-11.

We are aware that Claimant signed the statement which was written by the claims examiner summarizing his September 18, 1981 interview, which he presumably adopted. We realize at the same time, however, that Claimant may have inadvertently stated his salary preference in terms of an absolute requirement while not intending to do so. The question becomes one of interpretation. We note that the testimony contains no indication that Claimant was offered a job which paid less than $15,000.00 and that he refused it, nor did the referee's findings of fact contain any reference to the local labor market conditions. We are of the opinion that such a finding must be made before we can determine whether the so-called "self-imposed limitations" had, in fact, removed Claimant from the job market in violation of Section 401(d)(1) of the Act, 43 P.S. §801(d).

Accordingly, we must remand this case to the Board for a determination as to the local job market conditions at the time in question. In so doing, we rely on the well-settled principle that the Unemployment Compensation Law is a remedial measure and must be liberally and broadly construed. *Martin v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 270, 378 A.2d 1052 (1977).

ORDER

AND NOW, March 19, 1984, the decision of the Unemployment Compensation Board of Review denying benefits to Frank V. Percosky for the period September 12, 1981 through October 20, 1981 is vacated and the case remanded to the Board for determination in accordance with this opinion.

Jurisdiction relinquished.