Abington School District, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.  H. Russell Pittman, and all others similarly situated, Intervenors.

Argued November 15, 1982, before President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*David R. Keller, Obermayer, Rebmann, Maxwell & Hippel,* for petitioner.

*Charles Donahue,* Associate Counsel, with him *James K. Bradley,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

No appearance for intervenor.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., March 9, 1983:

The Unemployment Compensation Board of Review, by order, granted benefits to H. Russell Pittman.[1] The Abington School District (District) appeals. We quash the appeal as interlocutory.

In June of 1977 the collective bargaining agreement between the District and the Abington Education Association (Association) expired. Negotiating sessions continued throughout the summer and, on August 24th, the Association offered to return to work on September 6th, the scheduled first day of classes, under the terms of the expired agreement. When the District requested a no-strike guarantee from the Association, it refused.[2] Based on this refusal and the District's concern for the children, the school calendar was adjusted to reflect a starting date of September 12th and later September 19th. When the Association finally agreed to give a forty-eight hour strike notice, school was set for and finally began on September 26th. The school calendar was adjusted to reflect the full 184 days called for in the old col-

---

[1] Pittman, a teacher and a member of the Abington Education Association, is a token claimant. At issue here are benefits for over 460 members of the Association.

[2] We note that the record indicates that the expired agreement, under which the Association offered to return, contained a no-strike clause.

lective bargaining agreement and the Association members, after a new agreement was finally reached, received all benefits and pay increases retroactively.[3]

Pittman then sought and received unemployment benefits for the delay period before school began. The referee concluded that a work stoppage had occurred and that such stoppage could be attributable to the District, thus constituting a lockout within the meaning of Section 402(d) of the Unemployment Compensation Law.[4] However, the referee's order granting benefits also included a *remand*[5] to the Bureau of Employment Security for a determination of Pittman's eligibility under the provisions of Section 4(u)[6] and 401(d)[7] of the Law. The District appealed to the Board which affirmed the referee's grant of benefits under Section 402(d), noting that that was the only issue presented to it.

Although neither party raises the propriety of this appeal, we will, because the issue of whether an appeal is interlocutory "goes to the appellate court's jurisdiction and may be raised *sua sponte.*" *Davanzo v. Finelli*, 293 Pa. Superior Ct. 70, 72, 437 A.2d 995, 996 (1981).

---

[3] Evidence was presented that the members of the Association worked the same amount of days and received the same number of paychecks to which they would have been entitled had school begun as originally scheduled on September 6th.

[4] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(d).

[5] Neither party raised before the Court the fact that the referee's order granting benefits also included a remand order to further determine eligibility under the above-cited provisions of the Law.

[6] 43 P.S. §753(u) defines the term "unemployed" and sets certain threshold requirements for eligibility for benefits.

[7] 43 P.S. §801, which requires that a claimant be able to work and available for suitable work.

In *Murhon v. Workmen's Compensation Appeal Board*, 51 Pa. Commonwealth Ct. 214, 414 A.2d 161 (1980), this Court readopted the position that remand orders of the Workmen's Compensation Appeal Board are interlocutory and unappealable. In abandoning exceptions to the unappealability of such orders, we wrote:

> As explained in the decisions which developed the exceptions, it was felt there would be a saving of litigants' time and money if these exceptions were allowed. Our experience has been that the existence of the exceptions has been counterproductive. . . .
>
> In view of this, our Court now returns to the time tested doctrine that a remand order of the Board is interlocutory and unappealable as a matter of right, without exception.

*Id.* at 217, 414 A.2d at 163.

This reasoning is equally applicable here. We will not review the issue of claimant's eligibility piecemeal.[8]

The appeal is quashed.

---

[8] Clearly, claimant's eligibility under Sections 4(u) and 401(d) are pertinent to the issue of whether he is entitled to benefits.

### Order

The appeal taken from Unemployment Compensation Board of Review order No. B-178582 dated December 11, 1979, is hereby quashed.

---

Dissenting Opinion by Judge MacPhail:

I respectfully dissent.

The order of the Unemployment Compensation Board of Review, which is the order appealed from

in the instant case, *is* a final order. Our decision in *Murhon v. Workmen's Compensation Appeal Board*, 51 Pa. Commonwealth Ct. 214, 414 A.2d 161 (1980) concerned an order of the *Board* which was not final. I, therefore, do not believe *Murhon* is controlling in the instant case.

Whether or not the *referee's* order was interlocutory and whether or not the referee had the authority to remand the case to the Office of Employment Security are issues not raised in this appeal and, since they are not jurisdictional, I do not believe we may raise them sua sponte.