Terance Harrison, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs February 3, 1983, to Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Terance Harrison*, petitioner, for himself.

*James Bradley*, Associate Counsel, with him *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, March 25, 1983:

Terance Harrison (Claimant) has appealed from an order of the Unemployment Compensation Board of Review (Board) which determined that he voluntarily terminated his employment without cause of a necessitous and compelling nature and was therefore ineligible for benefits under Section 402(b)(1) of the Unemployment Compensation Law (Law).[1]

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1). This provision, which was recently amended, now appears at Section 402(b) of the Law, 43 P.S. §802 (b), and provides, in pertinent part, as follows:

An employe shall be ineligible for compensation for any week—

. . . .

(b) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

Claimant was last employed by Boeing Vertol Company (Employer) as an in-house salesperson in Philadelphia. He submitted a letter of resignation on February 29, 1980, to be effective March 14, 1980.[2] Claimant's previous assignment with his Employer as a traveling salesperson had ended when he became ill in October, 1979. Claimant was granted a leave of absence due to his illness through February 10, 1980 when he was released to return to work with the conditions that he be assigned to work which involved less stress and no traveling. Employer consequently assigned Claimant to an "in-house" salesperson position. Claimant nevertheless submitted his resignation on February 29, 1980 and returned to live at his permanent residence in California.

Following a telephone hearing, in which Claimant participated without counsel, a referee denied benefits concluding that Claimant had failed to take reasonable and necessary actions to maintain his employment relationship. Claimant appealed this decision to the Board which ordered a remand hearing on the issue of the timeliness of Claimant's appeal. Following a remand telephone hearing, the Board determined that Claimant's appeal was timely and affirmed the denial of benefits under Section 402(b)(1) of the Law.

In his pro se appeal to this Court, Claimant's sole contention is that the Board erroneously denied him a remand hearing on the merits of his appeal and incor-

---

[2] The letter reads as follows:

I herewith tender notice of the termination of my employment with The Boeing Vertol Company on 14 March 1980.

It is with considerable regret that I take this action since I have enjoyed my employment with the company but strong personal reasons dictate I must take this action.

We note that the letter does not specify that medical problems were the reason for Claimant's termination.

rectly stated in its decision that such a remand hearing had occurred. The statement to which Claimant refers in the Board's decision, however, relates to the remand telephone hearing on the issue of timeliness. Claimant concedes that this hearing did occur and that he participated therein. Moreover, the fact that the merits of Claimant's appeal were not addressed during the remand hearing does not constitute error. The law is clear that the Board has discretionary power to decide when a remand hearing is necessary and what issues may be addressed during the hearing. Section 504 of the Law, 43 P.S. §824, 34 Pa. Code §§101.104, 101.108. *See also Hussar v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 28, 432 A.2d 643 (1981).

Since Claimant has failed to raise any issues concerning the merits of the Board's decision, its order denying benefits will be affirmed.

### ORDER

The order of the Unemployment Compensation Board of Review, Decision No. B-193890, dated March 13, 1981, is hereby affirmed.