532 A.2d 1266

Browning-Ferris Industries of Pennsylvania, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs August 4, 1987, to Judges MAC-PHAIL and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*P. Christian Hague, Meyer, Unkovic & Scott,* for petitioner.

*Jonathan Zorach,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE NARICK, November 4, 1987:

This is an appeal by Browning-Ferris Industries of Pennsylvania, Inc. (Employer) from a decision of the Unemployment Compensation Board of Review (Board) which affirmed a referee's award of benefits to Thomas D. Cook (Claimant) pursuant to Sections 401(d)(1) and 402(e) of the Unemployment Compensation Law (Act)

Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801(d)(1)[1] and §802(e).[2] We affirm.

Claimant was first employed as an electrician and compactor operator for Employer on April 18, 1983. However, on Claimant's first day of work he suffered a work-related accident which required the amputation of his four left toes. In September, 1984, Claimant returned to work for Allison Welding and Salvage. Claimant testified that he only worked a short period for Allison Welding and Salvage because he was unable to perform his job responsibilities which involved heavy lifting. On or about November 28, 1984, the District Safety Manager for Employer, Beth A. Eckert, forwarded to Claimant's plastic surgeon, E. Douglas Newton, a job analysis describing employment available to Claimant. The job analysis indicated that a position of forklift operator and painter was available to Claimant. The job was described as involving the operation of a forklift and some light painting of small areas. The physical demands of the job would entail standing, walking, sitting and driving of a forklift. In addition, some stooping, kneeling, crouching and reaching would be required when painting. However, Claimant would not be required to do any climbing, balancing, pushing, pulling, or lifting in excess of twenty pounds. Dr. Newton approved the job analysis description on December 5, 1985, and Claimant returned to work shortly thereafter.

---

[1] Section 401(d)(1) of the Act provides in pertinent part: "Compensation shall be payable to any employe who is or becomes unemployed, and who — . . . . (d)(1) Is able to work and available for suitable work. . . .

[2] Section 402(e) of the Act provides in pertinent part: "An employe shall be ineligible for compensation in any week — . . . . (e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work . . .".

The record reveals that after Claimant returned to work, he operated a forklift on only one or two occasions. Rather, most of his time was spent painting, sweeping floors, cleaning gas pumps, and cutting weeds with a weed hacker. On October 9, 1985, Claimant was suspended for refusing to perform his work assignments and for failure to furnish a doctor's report explaining his absence from work on September 12 through 16, 1985.

The referee awarded benefits to Claimant and Employer appealed. The Board affirmed the referee's decision. On appeal to this Court, Employer presents three issues for our review: (1) whether the Board erred in concluding that Claimant's actions did not constitute willful misconduct; (2) whether the Board erred in concluding that Claimant did provide a doctor's report as required by Employer's policy; and (3) whether the Board erred when it failed to consider evidence submitted by Employer that Claimant had filed an application for worker's compensation benefits whereby he alleged that he was totally disabled as a result of a work-related injury.

Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704 limits our scope of review to determining whether there has been a constitutional violation or an error of law and whether the findings of fact are supported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987). The burden of proving that an employee is guilty of willful misconduct is on the employer. *American Process Lettering, Inc. v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 272, 412 A.2d 1123 (1980). Whether the Board's findings support a conclusion that a claimant's conduct amounts to willful misconduct is a question of law reviewable by this Court. *Richner v. Unemployment Compensation Board of Review,* 95 Pa. Commonwealth Ct. 572, 505 A.2d 1375 (1986).

Employer presented the testimony of Cecil Medrick, General Manager, and William Buchleitner, Maintenance Manager. Both witnesses indicated that Claimant returned to work in December, 1984 but was subject to restrictions placed upon him by his doctors. Medrick and Buchleitner testified that Claimant's job responsibilities involved cleaning gas pumps, hacking weeds, painting Employer's offices as well as other areas of Employer's facilities, and sweeping. Medrick and Buchleitner also testified that if Claimant was having trouble with his foot and unable to perform his work assignments, another job could be assigned to him. Medrick and Buchleitner stated that Claimant did complain on occasion about having trouble with his foot but both witnesses believed that Claimant was merely trying to avoid his work assignments.

With respect to Claimant's suspension from work, Medrick and Buchleitner testified that on or about October 9, 1985, Claimant refused to wash down garage doors and clean around gas pumps. Medrick testified that Claimant refused to lift more than five to seven pounds based upon his doctor's orders, and, therefore, was unable to carry the buckets of water which were required to wash the doors. According to Medrick, it was this incident which prompted him pursuant to a letter dated October 9, 1985 to suspend Claimant for failure to perform work assignments as well as for failure to supply Employer with a doctor's report as required by company policy. Medrick indicated that he was demanding a medical report from Claimant explaining his medical restricitions because Claimant had asserted new restrictions—that he was unable to lift more than seven pounds.

Claimant testified that he performed his job assignments to the best of his ability, although sometimes he was required to perform jobs which were not within his

medical restrictions such as climbing ladders. Claimant stated that the jobs he performed mostly were painting and sweeping and that he was required to be on his feet most of the time. Claimant further stated that his foot would give him trouble, that it would especially bother him after being on his feet for more than fifteen minutes and that he did miss some work on account of his foot. Claimant admitted that he did on occasion complain about his foot to Employer. Regarding the suspension incident of October 9, 1985, Claimant testified that he did refuse to perform the work assigned to him. However, Claimant further testified that he advised Employer he could not perform his work assignment because he was having severe pain and could not be on his feet all day. Claimant also testified that he never advised Employer that he was restricted from lifting more than seven pounds.

We are mindful that questions of credibility, evidentiary weight and inferences to be drawn from the evidence are for the Board to determine. *Gallagher v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 160, 378 A.2d 502 (1977). The decision of the Board, as the final arbiter of credibility, will not be disturbed if supported by substantial evidence. *See E.T. Systems v. Unemployment Compensation Board of Review*, 95 Pa. Commonwealth Ct. 230, 504 A.2d 992 (1986) and *Rodrigques v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 362, 427 A.2d 1255 (1981). Accordingly, the Board's conclusion that Claimant attempted to perform his job assignments to the best of his ability is supported by Claimant's testimony.

Employer next argues that Claimant failed to provide a medical report as required by Employer policy. Employer's written policy requires an employee after returning to work from a work-related injury to provide

a doctor's report which sets forth an original diagnosis and date as well as dates of any treatment, prognosis of the employee's condition and a statement by the physician that the employee is capable of returning to full job duties. Claimant presented a medical report to Employer dated November 7, 1985 from Dr. Wiseley which indicated that Dr. Wiseley first treated Claimant in May, 1985, that Claimant was able to perform light duty work, that between September 12 through 16, 1985 Claimant suffered a breakdown of the "insensate pad where his great toe would be if he had it" and that Claimant had to be off work one week in order for it to heal. Dr. Wiseley opined that Claimant was capable of performing light duty work under the same restrictions set forth in his May 24, 1985 report.[3] This report revealed that Claimant was restricted to light duty work and that he was not permitted to perform any climbing, or lifting of more than twenty pounds. Thus, we must disagree with Employer and conclude that Dr. Wiseley's report did provide Claimant's diagnosis and prognosis as well as the job duties that Claimant was capable of performing.

Lastly, Employer argues that it was error for the Board and the referee to fail to reopen the record in order to consider evidence presented by Employer which indicated that Claimant had completed an application for worker's compensation benefits whereby he alleged that he was totally disabled. This information was communicated to the referee pursuant to a letter

---

[3] There is no dispute that Employer received copies of Dr. Wiseley's May and November, 1985 reports. Additionally, there are several copies of medical reports which were admitted into evidence by Employer from several other doctors and these reports corroborate the restrictions placed on Claimant by Dr. Wiseley. There is also no dispute that Employer received copies of these reports.

from Employer dated May 6, 1986 after the record had been closed but prior to the referee rendering a decision. The referee did not respond to Employer's request and awarded benefits to Claimant. This information was reiterated by Employer in its appeal to the Board; however, the Board merely adopted the referee's findings.

It has been held that an employee receiving worker's compensation benefits may at the same time be eligible for unemployment compensation benefits. *Modern Cooler Co. v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 22, 333 A.2d 811 (1975); and *Whitehead v. Casey Building Wreckers, Inc.,* 6 Pa. Commonwealth Ct. 256, 294 A.2d 215 (1972). *Michael v. Roadway Express, Inc.,* 211 Pa. Superior Ct. 238, 235 A.2d 627 (1967).[4] In justifying this overlapping coverage, our courts have adopted a rationale which concludes that a claimant may honestly represent to unemployment compensation authorities that he is able to do some work if the job is available, while at the same time properly represent to the workmen's compensation authorities that he is totally disabled because no one would give him a job in his present physical condition. *See Whitehead* citing to the Florida Supreme Court case of *Edwards v. Metro Tile Co.,* 133 So.2d 411, 412 (Fla. 1961).[5] *See also Baker v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 503, 336 A.2d 671 (1975). However, this Court has acknowledged that the receipt of workmen's compensation benefits, although not a sole determinative factor, would be relevant to an employee's eligibility for unemployment

---

[4] *See Gabello v. F. W. Woodworth Co.,* 62 Lack. Jur. 225 (1961), whereby a claimant received worker's compensation benefits for total disability as well as unemployment compensation benefits.

[5] The *Edwards* case was also cited by our Court in *Ziemba v. Unemployment Compensation Board of Review,* 16 Pa. Commonwealth Ct. 615, 620-21, 330 A.2d 566, 568-69 (1975).

compensation benefits. *Workmen's Compensation Appeal Board v. Levy,* 23 Pa. Commonwealth Ct. 658, 363 A.2d 884 (1976) and *Ziemba.*[6]

In the case at hand, the evidence submitted by Employer indicated that Claimant had applied for worker's compensation benefits alleging that he was totally disabled. When an application for appeal is made, pursuant to 34 Pa. Code §101.104 the Board in its *discretion* may permit the taking of additional evidence whenever the record below is silent, incomplete or erroneous regarding a material point or there appears to have been a denial of a fair hearing. The evidence presented to the Board by Employer in its request for a reopening of the record was no more than an application by Claimant for worker's compensation benefits. Claimant *first* applied for and received unemployment compensation benefits. Claimant was within his legal rights to apply for and attempt to receive worker's compensation benefits, and we cannot hold that it was error for the Board to refuse to consider this evidence.

Therefore, for the reasons set forth herein, we will affirm the decision and order of the Board.

ORDER

AND NOW, this 4th day of November, 1987, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

---

[6] Alternatively, an employee's receipt of unemployment compensation although not a sole determinative factor would be relevant to an employee's eligibility for workmen's compensation benefits.