555 A.2d 969

Cooper Industries, Inc., McGraw Edison Power Systems Division, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 27, 1989, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Mark R. Hornak,* with him, *Donald G. Lucidi, Buchanan Ingersoll P.C.,* for petitioner.

No appearance for respondent.

*Lawrence R. Chaban, Yablonski, Costello, Leckie & Chaban,* for intervenors, Ralph Marino and Frank Pratten.

OPINION BY SENIOR JUDGE NARICK, March 16, 1989:

Consolidated for our review are appeals by Cooper Industries, Inc., McGraw Edison Power Systems Division (Employer) from decisions of the Unemployment Compensation Board of Review (Board) awarding benefits to Ralph Marino, Frank Pratten and John Gostic (hereinafter collectively referred to as Claimants).[1] We affirm.

Claimants had received work-related injuries which rendered them eligible for workers' compensation benefits. Employer had a light duty program designed to assist disabled employees' return to work and Claimants participated in this program. In November 1986, Employer decided to abolish the light duty program. As a result, Claimants' workers' compensation benefits were reinstated. Additionally, they applied for unemployment compensation benefits. The referee disqualified Claimants from receiving benefits pursuant to Section 401(d) of the Unemployment Compensation Law (Act).[2] On appeal, the Board remanded to the referee directing two

---

[1] Marino and Pratten are Intervenors to the present appeal and hereinafter will where appropriate be referred to as Intervenors. Gostic did nòt intervene in this appeal.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d) (unavailable for suitable work).

questions be asked of Claimants: (1) whether they would limit their availability to work for McGraw Edison if they were able to work; (2) whether they would work for any other employer in the labor market if they were able to work. The Board subsequently reversed the referee and granted benefits.[3] The appeals have been consolidated for our review.

Employer argues on appeal that (1) the Board abused its discretion by remanding the matter to the referee for the purpose of taking additional testimony, (2) the Board's findings that Claimants were able and available for suitable work in the labor market were not supported by substantial evidence and (3) the Board's findings that Claimants were able and available for suitable employment constitutes an erroneous conclusion of law.[4]

Intervenors initially rebut Employer's contention that the Board's remand order was improper by arguing that Employer's objections to the remand orders are untimely. We disagree. It is well settled that an appeal from a Board remand order is interlocutory and unappealable as of right. *Wing v. Unemployment Compensation Board of Review*, 496 Pa. 113, 436 A.2d 179 (1981); *Abington School District v. Unemployment Compensation Board of Review*, 72 Pa. Commonwealth Ct. 457, 456 A.2d 1152 (1983). The reasoning behind this rule is to prevent piecemeal review by appellate courts. *See*

---

[3] The record reveals that Claimant Marino returned to his job in January 1987, Claimant Pratten returned to his job in March 1987 and Claimant Gostic returned to his job in February 1987.

[4] Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704 limits our scope of review to determining whether there has been a constitutional violation or an error of law and whether the findings of fact are supported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987).

*Abington School District.* Thus, Employer's argument has been properly raised.

As to the argument that the Board abused its discretion in ordering a remand, we decline to agree. It is clear that the Board has discretionary power to decide when a remand is necessary and what issues may be addressed at the remand hearing. Section 504 of the Act, 43 P. S. §804, 34 Pa. Code §§101.104, 101.108; *Harrison v. Unemployment Compensation Board of Review*, 73 Pa. Commonwealth Ct. 129, 457 A.2d 238 (1983); *Hussar v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 28, 432 A.2d 643 (1981). Indeed, if the Board deems the record before it to be inadequate for proper resolution of the issues presented, it has the power to remand a case to the referee for the purpose of receiving additional evidence. *Hussar.* Accordingly, the Board did not abuse its discretion by granting a remand for the purpose of receiving additional evidence.

Employer, in support of its position that the Board's decisions were not supported by substantial evidence, contends that the testimonies of Claimants at the remand hearings contradicts their testimony at their original hearings.[5] Questions of credibility, evidentiary weight and inferences to be drawn from the evidence are for the Board to determine. *Browning-Ferris Industries v. Unemployment Compensation Board of Review*, 111 Pa. Commonwealth Ct. 1, 532 A.2d 1266 (1987), *appeal denied* 518 Pa. 628, 541 A.2d 1139 (1988). The Board is the final arbiter of credibility and its decision will not be disturbed if supported by substantial evidence. *Id.* The Board's remand orders required two questions be ad-

---

[5] Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *E. T. Systems v. Unemployment Compensation Board of Review*, 95 Pa. Commonwealth Ct. 230, 504 A.2d 992 (1986).

dressed to Claimants: (1) whether they would limit their availability to work for Employer if they were able to work and (2) whether they would work for any other employer in the labor market if they were able to work. Each Claimant responded in the affirmative to both questions. Thus, the Board's decisions are supported by substantial evidence.

Lastly, in support of its position that the Board's decisions constitute errors of law, Employer argues that Claimants made no effort to inquire into the availability of other suitable work or to discover what their bumping rights under the collective bargaining agreement were. Available for suitable work under the Act requires one to be ready, willing and able to accept temporary or permanent suitable employment which may or may not be with one's former employer. *See Craig v. Unemployment Compensation Board of Review*, 65 Pa. Commonwealth Ct. 305, 442 A.2d 400 (1982).[6] An unemployment compensation claimant who attaches conditions and limitations to his employment *may* render himself unavailable for work. *Id*. Therefore, the law requires an employee, unable to perform his regular duties due to a physical condition, to be available for suitable work consistent with his medical condition if he wishes to remain eligible for unemployment compensation. *Genetin v. Unemployment Compensation Board of Review*, 499 Pa. 125, 451 A.2d 1353 (1982). Once he has communicated his medical problem to his employer, the burden shifts to the employer to offer reasonable accommodations. *Genetin*; *Reyes v. Unemployment Compensation Board of Review*, 103 Pa. Commonwealth Ct. 167, 520 A.2d 85 (1987). An

---

[6] A prima facie case of availability for work is established and a presumption of availability created when a claimant registers for work with unemployment compensation authorities. *Burke v. Unemployment Compensation Board of Review*, 75 Pa. Commonwealth Ct. 1, 460 A.2d 915 (1983). Of course, this presumption is rebuttable. *Id*.

employee is not required to initiate requests for alternative employment. *Genetin.* The testimony established that Employer was aware of the Claimants' limitations, Claimants were willing to accept alternative employment and they would accept employment with another employer. Accordingly, the Board's decisions were in accordance with the law.

We will, therefore, affirm.

### ORDER

AND NOW, this 16th day of March, 1989, the orders of the Unemployment Compensation Board of Review in the above-captioned matters are hereby affirmed.