569 A.2d 392

**GALLITZIN APPAREL CORP., Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 17, 1989.

Decided Jan. 25, 1990.

18

Morton Hollander, Baltimore, Md., with him, Thomas E. Hendershot, Hendershot & Worshtil, Greenbelt, Md., for petitioner.

John E. Herzog, Asst. Counsel, for respondent.

James A. Diamond, Handler, Gerber, Johnston & Aronson, Camp Hill, for intervenor, Shirley Sharp.

Before CRAIG and McGINLEY, JJ., and BARBIERI, Senior Judge.

McGINLEY, Judge.

Gallitzin Apparel Corp. (Employer) appeals an order of the Unemployment Compensation Board of Review (Board) affirming a referee's determination that Shirley Sharp (Claimant) was not ineligible for benefits under Section 402(d) of the Unemployment Compensation Law (Law).[1] Claimant intervenes in this appeal. We affirm.

The Board affirmed a referee's decision that the labor dispute which caused Claimant's unemployment was a lockout under Section 402(d) of the Law. The merits of the Board's decision are not before this Court; Employer challenges only the procedural aspects of this case.

After Claimant became unemployed due to what the Board eventually determined was a lockout, Claimant filed an application for benefits on June 22, 1986, and on November 19, 1986, the Office of Employment Security (OES) denied Claimant's application. On November 28, 1986, Claimant appealed the OES decision. On December 16, 1986, based upon the OES's request for remand, Referee Solomon issued an order remanding the matter to the OES for further consideration. (Certified Record (CR), Item No. 5.)

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(d). This section provides that an employee shall be ineligible for compensation where his unemployment is due to a work stoppage which exists because of a labor dispute rather than a lockout.

On January 28, 1987, the OES issued a "Notice of Redetermination" affirming its November 19, 1986, decision and denying Claimant's application for benefits. On February 3, 1987, Claimant appealed again to the referee from the January 28, 1987, redetermination. Claimant states that on February 17, 1987, Referee Solomon issued another remand order sending the matter back to OES, based upon a request by OES for further consideration. To the contrary, Employer alleges there was never a remand order issued on February 17, 1987, because it is not contained in the record and because Employer was never notified of any remand order.[2]

On February 26, 1987, the OES issued a decision awarding benefits to Claimant, based upon a determination that her unemployment was due to a lockout and not a strike. The Employer appealed and after a referee's hearing on March 24, 1987, at which Claimant and the Employer appeared and testified, Referee Fedor determined that Claimant's unemployment was the result of a lockout and that she was therefore entitled to benefits. Employer appealed this decision and participated in oral argument before the Board. The Board affirmed Referee Fedor's decision on November 4, 1988, and denied reconsideration on November 29, 1988. Employer appeals.

The Employer argues that the OES award of February 26, 1987, was beyond the OES's jurisdiction because there is nothing in the record to show that Referee Solomon actually issued a February 17, 1987, remand order, or that Employer ever received such order. Employer also argues that the OES was without jurisdiction to readjudicate the claim because the Employer was denied the right to take an

2. Referee Solomon's February 17, 1987, remand order was not a part of the certified record, but is attached to Claimant's brief as Exhibit B. At oral argument the Board stated that it filed an application for correction of the record to include the February 17, 1987, order. This application was granted. The certified record's table of contents included the January 28, 1987, Notice of Redetermination and Claimant's Petition for Appeal from Redetermination and stated that the "Referee's Remand Order dated February 27, 1987 is missing." We note the Board's typographical error; the date is February 17, 1987, and not February 27, 1987.

appeal within fifteen days of the February 17, 1987, remand order. Lastly, Employer argues that a referee has no authority to remand to the OES for reconsideration, as only the Board has the authority to remand to the referee.

The Claimant argues that there was no administrative error at the OES level and that assuming, *arguendo*, there was, the *de novo* hearing before the referee rendered that error harmless.[3]

Our scope of review is limited to determining whether in Claimant's constitutional rights have been violated, whether an error of law has been committed or whether any necessary findings of fact are not supported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987).

■ Employer argues there was never a February 17, 1987, remand order issued and that Employer never received it. Review of the remand order shows that the OES received said order in its Altoona Office on February 19, 1987. Employer's allegation that it does not exist is not supported by the evidence at hand. Where notice is mailed to an employer's last known address and not returned by the postal authorities as undeliverable, the employer is

---

**3.** Claimant argues that the Employer waived the right to challenge any administrative error at the OES level because Employer never claimed that it had been prejudiced by any procedural error occurring prior to the referee's hearing nor did it dispute the referee's jurisdiction at the referee level. Our review of the record reveals: by a March 5, 1987, letter to the OES the Employer appealed the February 26, 1987, Notice of Determination stating: "The Office of Employment Security lacked jurisdiction to award benefits to the Claimant because of earlier proceedings in this case." (CR, Item No. 9, Employer's Petition for Appeal from Determination.) At the referee's hearing counsel for Employer did not raise the issue of the procedural errors at the OES level. (Notes of Testimony, March 24, 1987, (N.T.) at 1–49.) In Employer's brief submitted to the referee six days after the March 27, 1987, hearing Employer raised the issue of the alleged procedural defects that took place at the OES level but did not discuss the issue in its brief. In Employer's Petition for Appeal from the Referee's Decision/Request for Oral Argument (CR, Item No. 15) dated April 13, 1987, the Employer argued that Referee Fedor committed reversible error for several reasons, including Referee Fedor's lack of jurisdiction.

presumed to have received it. *Mihelic v. Unemployment Compensation Board of Review*, 41 Pa.Commonwealth Ct. 546, 399 A.2d 825 (1979). In *Mihelic*, the claimant argued that there was no substantial evidence that notice was mailed or that the determination was ever made by the OES on that or any other date because a copy of the notice of determination was not in the OES files. In *Mihelic*, a claims examiner for the OES testified that she personally prepared the notice of determination letter for mailing to the claimant. Another OES employee testified that he mailed the notice and that it was not returned by postal authorities. The Court rejected claimant's argument that the notice of determination was not mailed. In the matter *sub judice*, there is no record evidence that Employer's copy of Referee Solomon's February 12, 1987, remand order was or was not returned by postal authorities. And there is no evidence indicating that the order was mailed to Employer as there was in *Mihelic*.

■ Employer relies upon *Break N Eat Corp. v. Unemployment Compensation Board of Review*, 42 Pa.Commonwealth Ct. 586, 401 A.2d 423 (1979) and *Gadsden v. Unemployment Compensation Board of Review*, 84 Pa.Commonwealth Ct. 375, 479 A.2d 74 (1984) and argues that Employer's failure to receive notice of the February 17, 1987, remand order warrants a new hearing. However, a review of *Break N Eat* reveals that there was no notice of record and a remand was necessary to afford a full and fair opportunity to the employer to be heard before the referee. In *Gadsden*, an employer never received notice of a board's remand order to the referee and the referee conducted the remand hearing without the employer being present. This Court remanded the matter while concluding that employer's opportunity to be heard was denied. Herein, the Employer was given the opportunity to be heard and on March 24, 1987, Claimant and Employer appeared and testified before Referee Fedor.

An appellate court will not disturb a decision of the Board on the basis of an error which is harmless. The burden is

on the petitioner to affirmatively show that the alleged error resulted in prejudice and had a material effect on the outcome of the case. *Colonial Taxi Company v. Unemployment Compensation Board of Review,* 84 Pa.Commonwealth Ct. 430, 479 A.2d 96 (1984). Employer has not met that burden.

■ Employer also maintains that as a result of the alleged failure to receive notice of the remand order of February 17, 1987, the Employer has the right to challenge the purported remand by taking an appeal to the Board within fifteen days from the remand. However, this Court has held that remand orders such as this, from the referee to OES, are interlocutory and unappealable. *Cooper Industries v. Unemployment Compensation Board of Review,* 124 Pa.Commonwealth Ct. 241, 555 A.2d 969 (1989); *Abington School District v. Unemployment Compensation Board of Review,* 72 Pa.Commonwealth Ct. 457, 456 A.2d 1152 (1983).[4]

■ The Employer, subsequent to the alleged procedural error, participated in a *de novo* hearing before the Referee. Employer litigated the merits at this hearing. Absent any showing that a procedural error impaired a party's fundamental right to a fair hearing before the referee, that error is harmless. *Hussar v. Unemployment Compensation Board of Review,* 61 Pa.Commonwealth Ct. 28, 432 A.2d 643 (1981).

Accordingly, we affirm the Board's order.

## ORDER

AND NOW, this 25th day of January, 1990, the order of the Pennsylvania Unemployment Compensation Board of Review dated November 4, 1988, at No. B–269677, is hereby affirmed.

---

**4.** In *Abington School District,* this Court concluded that the reasoning supporting the position that remand orders of the Board are interlocutory and unappealable is equally applicable where a referee's order includes a remand to the OES.