# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Mark Cerciello, | : |
| | : No. 587 C.D. 2016 |
| Petitioner | : Submitted: September 9, 2016 |
| | : |
| v. | : |
| | : |
| Unemployment Compensation | : |
| Board of Review, | : |
| | : |
| Respondent | : |

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN          FILED: October 12, 2016


Mark Cerciello (Claimant) petitions for review of the March 18, 2016, order of the Unemployment Compensation Board (UCBR), which found that Claimant was financially eligible for unemployment compensation (UC) benefits under section 401(a) of the Unemployment Compensation Law (Law)[1] but ineligible for extended filing under section 401(c) of the Law and 34 Pa. Code §65.43a(e).  We affirm.

The procedural history of this case is as follows.  On December 9, 2012, Claimant applied for UC benefits, establishing a base year from July 1, 2011, through

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801(a) and §801(c).

June 20, 2012. (UCBR's Findings of Fact, No. 1.) The Department of Labor and Industry (Department) mailed Claimant a UC handbook, which notified Claimant that he must file biweekly benefit claims. The UC handbook also stated that "'If you appeal a determination denying benefits, you must file claims while your appeal is pending.'" (*Id.,* No. 7 (citation omitted).)

On December 18, 2012, the Department mailed Claimant a notice of financial determination, finding Claimant financially ineligible for UC benefits under section 401(a) of the Law. (UCBR's Decision at 1.) On December 28, 2012, Claimant's counsel appealed the determination via facsimile to the local service center. *Cerciello v. Unemployment Compensation Board of Review*, (Pa. Cmwlth., No. 786 C.D. 2014, filed March 17, 2015), slip op. at 2, *petition for allowance of appeal denied*, 125 A.3d 1203 (Pa. 2015). On January 2, 2013, the Department mailed Claimant a decision vacating its December 18, 2012, determination. *Id.* Without holding a hearing regarding Claimant's financial eligibility, the Department issued a revised financial determination on January 31, 2013, finding Claimant financially eligible for UC benefits. *Id.*

On September 16, 2013, Claimant contacted the Department and informed personnel that he had not been filing claims for UC benefits. *Id.* On December 9, 2013, Claimant requested an extension to backdate his claims for the weeks ending December 15, 2012, through August 31, 2013. *Id.* On December 16, 2013, the Department denied Claimant's request and Claimant appealed to the referee. *Id.* On January 22, 2014, the referee held a hearing, which Claimant's counsel attended, but Claimant did not. *Id.* The referee denied Claimant's extension

2

request. *Id.* Claimant appealed to the UCBR, which affirmed. *Id.*, slip op. at 3. Claimant filed an application for reconsideration on April 22, 2014. *Id.* On May, 28, 2014, the UCBR deemed Claimant's application for reconsideration denied by operation of law because the UCBR failed to act during the time that it retained jurisdiction over the matter.[2] (R. Item No. 13.)

Claimant appealed to this court, arguing that the UCBR erred in denying his extension request and that the Department's failure to mail Claimant's counsel the revised notice of financial determination deprived Claimant of his right to counsel. *Cerciello*, slip op. at 3. This court determined that the Department lacked jurisdiction to vacate its initial financial determination and issue a revised determination. *Id.* This court reversed the UCBR's order and remanded the case to the UCBR with instructions to remand to the referee for the taking of additional evidence to determine Claimant's financial eligibility. *Id.*, slip op. at 5.

Thereafter, the referee conducted a hearing on January 22, 2014. Claimant did not testify at the hearing. (UCBR's Findings of Fact, No. 10.) The UCBR concluded that Claimant was financially eligible for benefits but that Claimant was not permitted an extension to file claims for benefits.

---

[2] In accordance with 1 Pa. Code §35.241(d), unless an agency acts upon an application for reconsideration within 30 days of its filing, the application is deemed denied.

On appeal, Claimant initially argues that, in accordance with this court's March 17, 2015, memorandum opinion and order, Claimant, as a matter of law, is entitled to backdate his claims for UC benefits.[3] We disagree.

In this court's March 17, 2015, memorandum opinion, we specifically stated that we were "not reach[ing] the merits of Claimant's appeal because we conclude[d] that the Department lacked jurisdiction to vacate its initial determination and issue a revised determination." *Cerciello*, slip op. at 3. Thus, contrary to Claimant's contention, this court neither addressed nor concluded whether Claimant was entitled to an extension to file claims for UC benefits.

Next, Claimant contends that the UCBR erred in denying his request for the taking of additional evidence in his initial appeal to the UCBR and in his request for reconsideration. Claimant states that he did not attend the referee's hearing because it was a "snowy day" and "[r]ather than risk a slip and fall . . . and rather than continue the hearing on what appeared to be a technical issue, counsel attended the hearing without [Claimant]." (Cl.'s Br. at 6.) Claimant's counsel, however, did not explain to the referee the reason for Claimant's non-appearance nor did he ask for a continuance.

As Claimant acknowledges, under 34 Pa. Code §101.04, it is within the UCBR's discretion to permit the taking of additional evidence. *See Cooper*

---

[3] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

4

*Industries, Inc. v. Unemployment Compensation Board of* Review, 555 A.2d 969, 971 (Pa. Cmwlth. 1989). Because Claimant did not appear before the referee nor did his counsel proffer a reason for his absence, or ask for a continuance, this court concludes that the UCBR did not abuse its discretion in denying Claimant's request for a remand hearing.

Next, we will address Claimant's request for an extension. In accordance with section 401(c) of the Law, 43 P.S. §801(c), UC benefits shall be payable to a claimant who "[h]as made a valid application for benefits . . . and has made a claim for compensation in the proper manner and on the form prescribed by the [D]epartment." In accordance with 34 Pa. Code §65.43(a), "[c]laims for compensation shall be filed biweekly." In this case, Claimant did not file claim forms for the weeks ending December 15, 2012, through August 31, 2013.

Claimant alleges that he is entitled to backdate his benefit claims because, under 34 Pa. Code §65.43a(e), extended filing is permitted if "[a] UC Office fails to accept a filing as a result of error or mistake by the Department." Claimant maintains that the Department erred in failing to notify him or his counsel that the Department had revised its financial eligibility determination. Claimant asserts that he was unaware of his UC eligibility and, therefore, did not file biweekly claim forms. Claimant, however, does not argue that the "UC office fail[e]d to accept a filing." Claimant did not attempt to file claim forms and, thus, his claim weeks may not be backdated under 34 Pa. Code §65.43a(e).

Finally, Claimant argues that the Department did not notify his counsel of the revised financial determination, which deprived Claimant of his right to counsel and resulted in Claimant's decision not to file claim forms. In accordance with section 501(a) of the Law, 43 P.S. §821(a), "[t]he [D]epartment shall promptly examine each application for benefits and . . . shall determine whether or not the application is valid. Notice shall be given . . . to the claimant and each base-year employer . . . stating whether or not the claimant is eligible under section four hundred and one (a) [43 P.S. §801(a) determines financial eligibility]." Further, section 501(d) of the Law, 43 P.S. §821(d) states that "[t]he [D]epartment shall notify any employer or claimant . . . of any revision made in the determination." Thus, the statute requires notification of financial eligibility and any revision thereof to the claimant and the employer but not to counsel.[4] *Cf.* Section 502 of the Law, 43 P.S. §822 ("The parties and their attorneys or other representatives of record and the [D]epartment shall be duly notified of the time and place of a referee's hearing and of the referee's decision, and the reasons therefor.").

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

---

[4] The record entry of "130129" indicates "RVSD UC-44 MAILED TO CLMT ON 13/01/31." (R. Item No. 1.) An entry on "130205" states that after a wage investigation, Claimant was found financially eligible and a revised determination of financial eligibility was sent to Claimant on January 31. (*Id.*) Thus, the record evidences that the Bureau sent Claimant notice of the revised determination.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Cerciello,                     :

                                      :  No. 587 C.D. 2016

                   Petitioner       :

                                        :

            v.                    :

                                        :

Unemployment Compensation    :

Board of Review,                   :

                                        :

                   Respondent     :

O R D E R

AND NOW, this 12th day of October, 2016, we hereby affirm the March 18, 2016, order of the Unemployment Compensation Board of Review.

_____
ROCHELLE S. FRIEDMAN, Senior Judge