# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keith Stitt,                                    :
     Petitioner           :
            :  No. 657 C.D. 2016
     v.                  :
            :  Submitted: September 30, 2016
Unemployment Compensation         :
Board of Review,                  :
     Respondent           :

BEFORE:  HONORABLE ROBERT SIMPSON, Judge
      HONORABLE PATRICIA A. McCULLOUGH, Judge
      HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## _OPINION NOT REPORTED_

MEMORANDUM OPINION
BY JUDGE McCULLOUGH        FILED: November 1, 2016

     Keith Stitt (Claimant) petitions for review of the March 29, 2016 order of the Unemployment Compensation Board of Review (Board), which affirmed a referee's decision that denied Claimant benefits to the extent of a special deduction in the amount of $569.00 per week beginning with the waiting week ending December 12, 2015, through the compensable week ending February 13, 2016, under sections 401, 4(u), and 404(d) of the Unemployment Compensation Law (Law).[1]

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§801, 753(u), and 804(d), respectively. Section 401 of the Law provides for the payment of unemployment benefits to those who are unemployed. Section 4(u) provides, in pertinent part, that an individual "shall be deemed unemployed . . . with respect to any week of less than his full-time work if the remuneration paid or payable to him with respect to such week is less than his weekly benefit rate plus his partial benefit credit." Section 404(d) provides, in pertinent part, that an eligible employee "shall be paid . . . compensation in an amount equal to his weekly benefit rate less

**(Footnote continued on next page…)**

Claimant is employed full-time in the construction industry and files claims for compensation during the winter layoff. During that time, Claimant coaches girls' basketball for Riverview School District (the District). Claimant's position with the District is a supplemental position that is renewed on a yearly basis. Claimant receives a lump sum payment of $7,389.00 for his services as head basketball coach. The basketball season starts in mid-November and continues for thirteen weeks through mid-February. Claimant works six days per week, two to three hours per day, during the season. Claimant also works four days per week outside of the basketball season. In addition to in-game coaching and practicing during the season, Claimant presides over youth camps in the off-season and performs other services related to the head coaching position for the benefit of the student athletes and the District's basketball program. If the basketball team qualifies for the playoffs, Claimant will receive additional compensation. (Referee's Findings of Fact Nos. 2-11.)

On December 7, 2015, Claimant filed an initial application for unemployment compensation benefits with the local service center establishing a weekly benefit amount of $573.00 and a partial benefit credit of $172.00, for a combined rate of $745.00. (Referee's Finding of Fact No. 1.) By notice of determination dated December 30, 2015, the local service center denied Claimant benefits to the extent of a special deduction in the amount of $364.00 per week for

---

**(continued…)**

the total of (i) the remuneration, if any, paid or payable to him with respect to such week for services performed which is in excess of his partial benefit credit. . . ."

the period from December 12, 2015, through February 13, 2016, pursuant to sections 401, 4(u), and 404(d) of the Law.[2]

Claimant filed an appeal alleging that his position with the District was year round and, hence, his remuneration should be pro-rated over the calendar year. The referee held a hearing on January 28, 2016. Claimant testified that he has worked for the District for the past thirteen years and that he has served as the varsity girls' basketball head coach for the past seven years. He described this position as a year round part-time position. In this regard, he stated that he runs programs throughout the summer, including youth camps through August, and that he coaches junior high girls' basketball in September and October. Upon questioning by the referee whether such programs were optional, Claimant explained that he feels like he would be cheating the children if he did not run these programs over the summer, that he was looking out for the best interests of the student athletes, and that he was trying to give them the best opportunities to be successful. (Notes of Testimony (N.T.), 1/28/16, pp. 4, 14.)

Claimant noted that the varsity basketball season starts in mid-November and usually ends in mid-March. Upon completion of the season, he receives a lump sum payment of roughly $7,500.00.[3] The referee questioned whether Claimant had a record or a schedule showing the dates that he worked over the summer, but he did

---

[2] The local service center identified Claimant's lump sum payment as $7,500.00 and then divided that amount by the fourteen weeks Claimant worked as head basketball coach to calculate Claimant's weekly remuneration to be $536.00, which was $364.00 above Claimant's partial benefit credit. It is unclear as to how the local service center determined that Claimant worked as a coach for the District for fourteen weeks.

[3] The referee subsequently clarified that Claimant received a lump sum payment of $7,389.00 for the 2015-2016 season. (N.T., 1/28/16, p. 6.)

not. Claimant essentially argued that the local service center's representation of his earnings as over $500.00 per week was inaccurate and that the lump sum payment should be pro-rated over the entire year. (N.T., 1/28/16, pp. 4-7.)

Barbara Kumar, who works in the District's payroll department, testified that Claimant's position was approved on May 18, 2015, and that the season started on November 17, 2015, and runs through mid-February 2016. Kumar acknowledged that Claimant performs other activities outside of the season in order to build the program. Kumar stated that there is no contract relative to Claimant's position, which she described as a supplemental position. Kumar noted that Claimant's supplemental position had definitive start and end dates and that is what Claimant is paid for. She also noted that Claimant receives additional pay if his team goes to the playoffs. She presented the school calendar as an exhibit but admitted that it does not reflect the dates of the basketball season. (N.T., 1/28/16, pp. 8-11.)

By decision dated February 9, 2016, the referee affirmed the local service center's determination but modified the special deduction amount to $569.00 per week, which represented Claimant's pro-rated, seasonal earnings as a basketball coach. The referee agreed with the District and concluded that the lump sum paid to Claimant was strictly designated for his services during the basketball season. The referee noted that such conclusion was supported by the fact that Claimant would receive additional compensation if the team made the playoffs, as well as Claimant's own testimony that the off-season programs were for the benefit of his student athletes and the program itself. While the referee lauded Claimant's sense of community service, he cited the lack of any evidence that Claimant was obligated by contract, either written or implied, to perform these services during the off-season.

4

Claimant appealed to the Board, which affirmed the referee's decision and adopted and incorporated the referee's findings and conclusions.

On appeal,[4] Claimant reiterates his argument that his lump sum payment from the District should be pro-rated over fifty-two weeks, instead of the thirteen-week basketball season. We disagree.

There is no dispute in this case that Claimant was unemployed during the period in question and at least entitled to partial unemployment benefits. Indeed, the Board found that Claimant received gross wages from the District in the amount of $569.00 per week, which was less than the sum of his weekly benefit rate ($573.00) and his partial benefit credit ($172.00), i.e., a combined rate of $745.00. *See* Section 4(u) of the Law. Section 404(d)(1) of the Law addresses how a partial rate is to be calculated, providing that an eligible employee "shall be paid . . . compensation in an amount equal to his weekly benefit rate less the total of (i) the remuneration, if any, paid or payable to him with respect to such week for services performed which is in excess of his partial benefit credit . . . ."[5] 43 P.S. §804(d)(1).

Claimant argues that his gross wages should only be $142.00 per week (lump sum of $7,389.00 divided by fifty-two weeks), which would be less than his partial benefit credit and thereby entitle him to the full amount of his weekly benefit rate. Claimant cites his own testimony regarding the work he performs during the

---

[4] Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, or whether findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. §704; *Krum v. Unemployment Compensation Board of Review*, 689 A.2d 330, 332 (Pa. Cmwlth. 1997).

[5] Pursuant to this calculation, Claimant would be entitled to partial benefits in the amount of $176.00 per week (weekly benefit rate of $573.00 minus the $397.00 per week that Claimant received in excess of his partial benefit credit).

off-season. Claimant also relies on three workers' compensation cases for support: *Lane Enterprises, Inc. v. Workmen's Compensation Appeal Board (Patton)*, 644 A.2d 726, 728 (Pa. 1994) (holding that an annual bonus, calculated on the basis of yearly performance, should be pro-rated over the entire year in which it was earned); *Eljer Industries v. Workmen's Compensation Appeal Board (Johnson)*, 670 A.2d 203, 206 (Pa. Cmwlth. 1996) (holding that vacation pay, which is earned throughout the year, should be pro-rated over the entire calendar year); and *Miles v. Workers' Compensation Appeal Board (School District of Philadelphia)*, 725 A.2d 851, 856 (Pa. Cmwlth. 1999) (holding that a retroactive lump sum payment covering the claimant's first ninety days of employment should be allocated over that time period).

However, neither Claimant's testimony nor the cases he cites supports his argument herein. In the present case, the Board adopted and incorporated the referee's findings and conclusions. The referee credited the testimony of Kumar, who works in the District's payroll office. Kumar acknowledged that Claimant performs services during the off-season but testified that the lump sum payment Claimant received strictly represented compensation for his services over the limited thirteen-week basketball season. The referee noted that Kumar's testimony was supported by the fact that Claimant would receive extra compensation should the team make the playoffs. While the referee lauded Claimant's service during the off-season, he noted that the record lacked any evidence that Claimant was obligated by contract, either written or implied, to perform such services.

The law is well settled that the Board is the ultimate fact-finder and is empowered to resolve conflicts in the evidence and to determine the credibility of witnesses. *DeRiggi v. Unemployment Compensation Board of Review*, 856 A.2d 253, 255 (Pa. Cmwlth. 2004). Indeed, "[t]he Board is the final arbiter of credibility and its

decision will not be disturbed if supported by substantial evidence." *Cooper Industries, Inc. v. Unemployment Compensation Board of Review*, 555 A.2d 969, 971 (Pa. Cmwlth. 1989). Because substantial evidence supports the referee's decision that Claimant's lump sum payment covered only the thirteen-week basketball season, the referee did not err in pro-rating Claimant's wages over that period rather than the entire year.

Accordingly, the order of the Board is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keith Stitt,                                              :
                  Petitioner                             :
                                                         :    No.  657 C.D. 2016
            v.                                           :
                                                         :
Unemployment Compensation                                :
Board of Review,                                         :
                  Respondent                             :

## ***ORDER***

AND NOW, this 1st day of November, 2016, the order of the Unemployment Compensation Board of Review, dated March 29, 2016, is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge